892 A.2d 571

SECURE FINANCIAL SERVICE, INC.

v.

POPULAR LEASING USA, INC.

No. 34, Sept. Term, 2005.

Court of Appeals of Maryland.

Feb. 10, 2006.

Scott C. Borison (Douglas B. Bowman, Legg Law Firm, LLC, on brief), Frederick, for appellant.

Erik R. Quick (Rubenstein, Cogan & Quick, P.C., on brief), Gaithersburg, for appellee.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

RAKER, J.

The appeal centers around the enforcement of a forum-selection clause contained within a contract executed initially between Norvergence Communications, Inc., and Secure Financial Service, Inc., and then assigned to Popular Leasing USA, Inc. Secure Financial Service, Inc. appeals the judgment

of the Circuit Court for Frederick County, raising three questions for our consideration:

"1. Whether the trial court erred in enforcing an indefinite venue provision?

2. Whether the trial court erred in enforcing a choice of law provision that would result in a due process violation?

3. Whether the trial court erred in granting the defendant's motion to dismiss?"

We shall answer the third question first and hold that in this declaratory judgment action, the trial court erred in dismissing the Complaint and failing to declare the rights and obligations of the parties.

I.

Appellant Secure Financial Service, Inc., a Maryland corporation with its principal place of business in Maryland, entered into a contract with Norvergence Communications, Inc., a New Jersey corporation, on July 11, 2003. Pursuant to the terms of the agreement, Norvergence was to provide various telecommunications services and equipment to appellant over a five-year period at a total cost of $13,500, payable at $225 per month. Five days after the contract was formed, Norvergence assigned the contract to appellee Popular Leasing USA, Inc. on July 16, 2003, a Delaware corporation with its principal place of business in Missouri. The Equipment Rental Agreement between Norvergence and Secure Financial permitted this assignment, providing as follows:

"We may sell, assign or transfer all or any part of this Rental and/or the Equipment without notifying you. The new owner will have the same rights that we have, but not our obligations. You agree you will not assert against the new owner any claims, defenses or set-offs that you may have against us."

Appellant was instructed by Norvergence to send all future payments due under the agreement to Popular Leasing:

"All terms and conditions remain unchanged except you are to make all Equipment Rental payments to Popular Leasing

U.S.A., Inc. starting with your first invoice, which will be sent to you within 60 days:

Popular Leasing USA Inc.

P.O. Box 4240

Carol Steam, IL 60197–4240."

Norvergence entered Chapter 11 bankruptcy on June 30, 2004, and that proceeding was converted to a Chapter 7 liquidation on July 14, 2004. Appellant did not make the monthly payment under the agreement due on August 20, 2004. By letter, Popular Leasing informed Secure Financial that the latter was in default of the contract, and that the balance due upon the contract, $10,319.18, had been accelerated.

Prior to receiving Popular Leasing's letter, Secure Financial filed a declaratory judgment action pursuant to Md.Code (1973, Repl.Vol.2002, 2005 Cum.Supp.), § 3–403 of the Courts and Judicial Proceedings Article in the Circuit Court for Frederick County.[1] Count I of the Complaint sought a declaration that the forum-selection clause and the choice-of-law provision were unenforceable. Count II sought a declaration that the Equipment Rental Agreement was unenforceable.

The applicable law provision of the lease states in pertinent part as follows:

"This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental."

---

1. Unless otherwise noted, all subsequent statutory references herein shall be to Md.Code (1973, 2002 Repl.Vol., 2005 Cum.Supp.), Courts and Judicial Proceedings Article.

Popular Leasing filed a Motion to Dismiss, arguing that the forum-selection provision was enforceable as a matter of law, and that Secure Financial did not allege any set of facts upon which a court could find the contract unconscionable. Secure Financial responded, arguing that it could not have reasonably anticipated being haled into court in Missouri when it signed a contract in Maryland for services to be delivered in Maryland. Because the proper venue could be changed by the unilateral action of the lessor or its assignee—Popular Leasing in the instant case—simply by assigning the contract to another party or moving its principal place of business, Secure Financial contended, the applicable law provision is vague, and not enforceable. The Circuit Court for Frederick County agreed with Popular Leasing, and ruled that the provisions were enforceable.

Secure Financial noted a timely appeal to the Court of Special Appeals. We granted certiorari on our own initiative to consider the issues presented in this appeal. 388 Md. 97, 879 A.2d 42 (2005).

## II.

Before the Circuit Court, at a hearing on its Motion to Dismiss the Complaint for Declaratory Judgment, Popular Leasing maintained that the Complaint failed to state a claim upon which relief can be granted, and presented three arguments: (1) that the contract cannot be unconscionable on the face of the pleadings because there is no allegation that there was an unconscionable contract at the time the parties entered into the contract; (2) that the forum-selection clause is not unreasonable; and (3) that the declaratory judgment action is not ripe for decision because there does not exist a judicial issue or controversy.

Secure Financial advised the trial court that Popular Leasing had in fact filed suit against it in Missouri, a representation uncontroverted by Popular Leasing. Secure Financial opposed the Motion to Dismiss the declaratory judgment action, arguing that the Circuit Court had to decide the issue

presented and that the Court should take evidence at a trial on the matter. Secure Financial represented to the court that Norvergence's special system, the "Matrix 2001" was a hoax— that this "magic box" is worth $250.00, maybe $500.00, and under the lease it is required to pay more than $12,000.00 for it, and that those facts can be determined by the Court to be unconscionable.

■ Unfortunately, the Court dismissed the Complaint for declaratory relief, ruling as follows:

"We are here on the defendant's motion to dismiss the complaint for declaratory relief. There are several grounds upon which the defendant is asking this Court to dismiss. The complaint principally [sic], in proper venue, as well as failure to state a claim upon which relief can be granted. I am not going to reach failure to state a claim. The Court grants the motion to dismiss for the venue. I have reviewed this carefully. I have reviewed the contract. It's very clear to me when I reviewed this contract that these parties knew, one thing, they wouldn't be litigating in Maryland. They knew from that contract that, and it's clear to me from this express language of the contract, that the parties knew that they weren't going to litigate in Maryland. The contract says it will be where the lessor or its assignee, so, therefore, it's clear to me from reviewing the contract the parties knew that this could perhaps be assigned. And, yes, the original contract, the original lessor was in New Jersey, but that original lessor through this bankruptcy proceeding has assigned it to a lessor in Missouri, and I also reviewed the cases here, and it's clear to me that Maryland courts typically uphold venue provisions in contracts. They enforce the choice of venue clauses. I also reviewed ... the restatement that counsel for the plaintiff has asked me to look at. The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue. Two, the law of the state chosen by the parties to govern their contractual rights and

duties will be applied, even if the particular issue is one which the parties could not have [sic] resolve by an explicit provision in their agreement directed to that issue, unless the chosen state has no substantial relationship to the parties or the transaction. But, here, I find there is because Missouri's aware the assignee conducts business, and the language of the contract makes it clear that the parties knew that there was a possibility of the assignment. So I do grant the motion to dismiss."

The trial court erred in dismissing the Complaint and in failing to enter a declaratory judgment defining the rights and obligations of the parties under the agreement in a separate document. *See Converge v. Curran*, 383 Md. 462, 477, 860 A.2d 871, 880 (2004); *Salamon v. Progressive*, 379 Md. 301, 307–08 n. 7, 841 A.2d 858, 862–63 n. 7 (2004).

■■■■ The Declaratory Judgment Act states that it is a remedial statute; its purpose is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." § 3–402.[2] It should be "liberally construed and administered." *Id.* The Act grants courts the power to grant declaratory relief to "[a]ny person interested under a deed, will, trust, land patent, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, administrative rule or regulation, contract, or franchise...." § 3–406. Thus, the circuit court has jurisdiction to construe a written contract and declare the rights of the parties under it. *See Northern Assurance Co. v. EDP Floors*, 311 Md. 217, 223, 533 A.2d 682, 685 (1987). Notwithstanding the purpose of the statute as remedial and the plain language that it should be liberally construed and administered, a justiciable controversy is a prerequisite to the maintenance of

---

2. In some limited circumstances not applicable herein, declaratory relief is barred by some statutory and judicially crafted restrictions. *See e.g., Converge v. Curran*, 383 Md. 462, 478, 860 A.2d 871, 880 (2004).

a declaratory judgment action. *See Converge,* 383 Md. at 478, 860 A.2d at 880 (2004).

■ In addition, "[w]hen entering a declaratory judgment, the court must, in a separate document, state in writing its declaration of rights of the parties, along with any other order that is intended to be part of the judgment." *Allstate v. State Farm,* 363 Md. 106, 117 n. 1, 767 A.2d 831, 837 n. 1 (2001). *See also* Md. Rule 2–601(a) (stating, in pertinent part, that "[e]ach judgment shall be set forth on a separate document").

Over and over again this Court has admonished trial courts that when a declaratory judgment is brought, and the controversy is appropriate for resolution by declaratory judgment, the court must enter a declaratory judgment. *See, e.g., Converge,* 383 Md. at 477, 860 A.2d at 880; *Salamon,* 379 Md. at 307–08 n. 7, 841 A.2d at 862–63 n. 7; *Jackson v. Millstone,* 369 Md. 575, 593–94, 801 A.2d 1034, 1045 (2002); *Allstate,* 363 Md. at 117 n. 1, 767 A.2d at 837 n. 1; *Christ v. DNR,* 335 Md. 427, 435–36, 644 A.2d 34, 38 (1994). Recently, in *Allstate v. State Farm,* 363 Md. 106, 117 n. 1, 767 A.2d 831, 837 n. 1 (2001), Judge Wilner, writing for the Court, stated as follows:

"Once again, we are presented with a declaratory judgment action in which there is no written declaratory judgment. We have admonished trial courts that, when a declaratory judgment action is brought and the controversy is appropriate for resolution by declaratory judgment, the court must enter a declaratory judgment and that judgment, defining the rights and obligations of the parties or the status of the thing in controversy, must be in writing. It is not permissible for the court to issue an oral declaration. The text of the judgment must be in writing. *See Harford Mutual Ins. Co. v. Woodfin,* 344 Md. 399, 414–15, 687 A.2d 652, 659 (1997); *Ashton v. Brown,* 339 Md. 70, 87, 660 A.2d 447, 455 (1995); *Christ v. Department of Natural Resources,* 335 Md. 427, 435, 644 A.2d 34, 38 (1994). Nor, since the 1997 amendment to Maryland Rule 2–601(a), is it permissible for the declaratory judgment to be part of a memorandum. That rule requires that 'each judgment shall be set forth on

a separate document.' When entering a declaratory judgment, the court must, in a separate document, state in writing its declaration of the rights of the parties, along with any other order that is intended to be part of the judgment. Although the judgment may recite that it is based on the reasons set forth in an accompanying memorandum, the terms of the declaratory judgment itself must be set forth separately. Incorporating by reference an earlier oral ruling is not sufficient, as no one would be able to discern the actual declaration of rights from the document posing as the judgment. This is not just a matter of complying with a hyper-technical rule. The requirement that the court enter its declaration in writing is for the purpose of giving the parties and the public fair notice of what the court has determined."

We are required in the instant case to reverse the judgment of the Circuit Court because the controversy was justiciable and that in dismissing the Complaint, the trial court did not enter a declaration in writing, declaring the rights and obligations of the parties. The trial court dismissed the Complaint erroneously and precluded appellant from presenting evidence, as it was entitled to do.

### III.

The primary issue raised by appellant is whether the forum-selection clause, contained within the contract between Secure Financial and Norvergence, and assigned to Popular Leasing, is enforceable. Appellant maintains that the clause is unreasonable and unjust making it unenforceable.

The prevailing view in this country is that forum-selection clauses are presumptively enforceable. *See, e.g., Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 594–95, 111 S.Ct. 1522, 1527–28, 113 L.Ed.2d 622 (1991); *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972); *Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir.1996); *Kevlin Servs., Inc. v. Lexington State Bank,* 46 F.3d 13, 15 (5th Cir.1995); *Effron v. Sun Line Cruises, Inc.* 67

F.3d 7, 10–11 (2d Cir.1995); *Bonny v. Society of Lloyd's,* 3 F.3d 156, 159–160 (7th Cir.1993); *High Life Sales Co., v. Brown–Forman Corp.,* 823 S.W.2d 493, 495–97 (Mo.1992); *Societe Jean Nicolas et fils v. Mousseux,* 123 Ariz. 59, 597 P.2d 541, 542–43 (1979); *Preferred Cap. Inc. v. Power Engineering Group, Inc.,* 163 Ohio App.3d 522, 839 N.E.2d 416, 421 (2005). *See also Manrique v. Fabbri,* 493 So.2d 437, 439–40 (Fla.1986); *Hauenstein & Bermeister, Inc. v. Met–Fab Indus., Inc.,* 320 N.W.2d 886, 889–90 (Minn.1982).

In *Gilman v. Wheat, First Securities,* 345 Md. 361, 692 A.2d 454 (1997), we endorsed the view of the United States Supreme Court in determining the enforceability of forum-selection clauses, setting forth the following framework:

"We distill from [*M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) ], as have most courts, especially since 1992, that: (1) a forum-selection clause is presumptively valid and enforceable and the party resisting it has the burden of demonstrating that it is unreasonable; (2) a court may deny enforcement of such a clause upon a clear showing that, in the particular circumstance, enforcement would be unreasonable, and (3) the clause may be found to be unreasonable if (i) it was induced by fraud or overreaching, (ii) the contractually selected forum is so unfair and inconvenient as, for all practical purposes to deprive the plaintiff of a remedy or its day in court, or (iii) enforcement would contravene a strong public policy of the State where the action is filed."

*Id.* at 378, 692 A.2d 454, 462–63 (1997); *see Stockley v. Thomas,* 89 Md. 663, 668–69, 43 A. 766, 768 (1899) (concluding that, where plaintiffs "have voluntarily abandoned the [c]ourts of this State" through a contract, there is "no good reason" why their complaint should be adjudicated by a Maryland court). *See also Koch v. America Online, Inc.,* 139 F.Supp.2d 690, 693 (D.Md.2000) (interpreting *Gilman* as wholly consistent with "the federal standard for evaluation of forum-selection clauses" adopted in *The Bremen* ).

In *Gilman,* we adopted the view of forum-selection clauses set out in the Restatement (Second) of Conflict of Laws § 80 (1971) (amended 1988). *See Gilman,* 345 Md. at 382–83, 692 A.2d at 465. That section sets out the modern view that "[t]he parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable." Restatement (Second) of Conflict of Laws § 80 (1971) (amended 1988). Under this section, a plaintiff who brings an action in violation of a choice-of-forum provision bears the burden of proving that enforcing the clause is unfair or unreasonable. *Id.* § 80 cmt. c. A plaintiff might establish also that (1) the choice-of-forum provision was "obtained by fraud, duress, the abuse of economic power, or other unconscionable means" or (2) the courts of the chosen state "would be closed to the suit or would not handle it effectively or fairly." *Id.* § 80 cmt. c.

As we have indicated *supra,* in addition to the due process arguments, Secure Financial argues, in essence, that the underlying contract was fraudulent and that enforcing the choice-of-forum provision is unfair and unreasonable. Appellee asserts that Secure Financial has not met its burden of showing that the shifting forum-selection clause is unreasonable under the circumstances because Secure Financial cannot show that the forum-selection clause was induced by fraud or overreaching or that the contractually selected forum is unfair and inconvenient, or that enforcement would contravene a strong public policy of the State where the action was filed.

Secure Financial never had the opportunity to present evidence that the forum-selection provision was induced by fraud or overreaching, or that as a matter of fact, it would be unfair or unreasonable to enforce the clause.[3]

---

3. The Federal Trade Commission (FTC) brought a civil enforcement action against Norvergence, seeking permanent injunctive relief, rescission of contracts, restitution, disgorgement, and other equitable relief, alleging deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), arising out of the "matrix" system. In that matter, the United States District Court for the District of New Jersey entered a default judgment against Norvergence and ordered a permanent injunction and monetary relief. *FTC v. Norvergence, Inc.,* No.

We point out that the enforceability of this same forum-selection clause involving Norvergence has been the subject of much litigation around the country. Some courts have enforced the same floating forum-selection clause in cases where a party contracting with Norvergence for equipment rental has been sued by Norvergence's assignee. *See, e.g., IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606 (7th Cir.2006) (concluding that the forum-selection clause is enforceable under federal law and Illinois law, unless defendant can prove on remand that the clause was procured by fraud or coercion); *Preferred Capital, Inc. v. Al & Lou Builders Supply, Inc.*, No. 22654, 2006 WL 173161 (Ohio Ct.App. Jan. 25, 2006) (concluding that the forum-selection clause is enforceable); *Popular Leasing USA, Inc. v. Borough of Highland Park*, No. 4:04CV01812 ERW, 2005 WL 3527300 (E.D.Mo. Dec.22, 2005) (finding forum-selection clause enforceable because challenger did not provide any evidence that the clause itself was included in the contract due to fraud on the part of Norvergence); *Popular Leasing USA, Inc. v. Terra Excavating, Inc.*, No. 4:04–CV–1625 CAS, 2005 WL 1523950 (E.D.Mo. June 28, 2005) (finding that challenger failed to show manifest inconvenience or that the clause itself was a product of fraud); *IFC Credit. Corp. v. Burton Indus. Inc.*, No. 04 C 5906, 2005 WL 1243404 (N.D.Ill. May 12, 2005) (holding the clause enforceable under Illinois law, and that by agreeing to such a clause, defendants have waived their venue and personal jurisdiction objections to being sued in that court); *Lyon Fin. Servs., Inc. v. Will H. Hall & Son Builders, Inc.*, No. Civ.04–4383 ADM/AJB, 2005 WL 503371 (D.Minn. Mar 4, 2005) (holding the clause enforceable under Minnesota law and noting that defendant has failed to demonstrate that the clause itself was a product of fraud); *Commerce Commercial Leasing, LLC v. Jay's Fabric Center*, No. Civ.A–04–4480, 2004 WL 2457737 (E.D.Pa. Nov.2, 2004) (holding the clause enforceable because defendant failed to make a "strong show-

---

2:04–cv–05414–DRD–SDW (D.N.J. Jun. 29, 2005), *available at* http://www.ftc.gov/os/caselist/0423184/050725defjudg0423184.pdf.

ing" of inconvenience or that the clause was procured through fraud or overreaching); *Preferred Capital Inc. v. Ferris Bros., Inc.*, 2005 WL 3117192 (Ohio Ct.App. Nov. 23, 2005) (holding the clause enforceable because defendant has failed to show manifest or grave inconvenience, or that the clause itself was a product of fraud or overreaching, and as such, the defendant has waived the due process/minimum contacts requirement for personal jurisdiction); *Preferred Capital Inc. v. Power Eng'g Corp.*, 163 Ohio App.3d 522, 839 N.E.2d 416 (2005) (same).

Other courts have refused to enforce the forum-selection clause. *See, e.g., Preferred Capital, Inc. v. Sarasota Kennel Club*, No. 1:04 CV 2063, 2005 WL 1799900 (N.D.Ohio July 27, 2005) (finding the clause unenforceable because when Norvergence entered into the equipment rental agreement, it had already signed a master agreement with the plaintiff assignee in which it provided for the automatic assignment of rights to rental payments, which it concealed from defendant lessee); *Preferred Capital, Inc. v. Aetna Maint. Inc.*, No. 1:04CV2511, 2005 WL 1398549 (N.D.Ohio June 14, 2005) (same); *SRH, Inc. v. IFC Credit Corp.*, 275 Ga.App. 18, 619 S.E.2d 744, 746 (2005) (refusing to enforce the forum-selection clause where there were specific allegations that Norvergence had engaged in fraudulent conduct, including the assignment of the rental agreement without the permission of the bankruptcy trustee).

The Circuit Court erred in dismissing the declaratory judgment action without declaring the rights and obligations of the parties.

*JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.*