PATRIOT COMMERCIAL LEASING COMPANY, INC., Appellee

v.

KREMER RESTAURANT ENTER-PRISES, LLC t/a Raintree Country Club and Michael H. Kremer, Appellants (at 3290).

Susquehanna Patriot Commercial Leasing Co., Inc., Appellee

v.

Beaver Dam Golf Management, Inc. d/b/a Beaver Dam Golf Club, Appellant (at 3445).

Susquehanna Patriot Commercial Leasing Co., Inc., Appellee

v.

The Birdie Boys, II, Inc., t/a Boaz Golf Club and Michael C. Parrish, Appellant (at 3450).

Superior Court of Pennsylvania.

Argued Aug. 29, 2006.

Filed Dec. 21, 2006.

Staphanie E. Little, Norristown, for Kremer Restaurant, appellant (at 3290).

John J. O'Brien, III, Wynnewood, for Beaver Dam Golf, appellant (at 3445).

Lisa A. Barton, Philadelphia, for Birdie Boys, appellant (at 3450).

Walter H. Flamm, Jr. and Robert J. Krandel, Blue Bell, for appellees.

BEFORE: KLEIN, BOWES and KELLY, JJ.

OPINION BY BOWES, J.:

¶ 1 The issue on appeal is whether a forum selection clause conferring jurisdiction over these actions to Pennsylvania is enforceable. We conclude that the clause is enforceable and affirm.

¶ 2 This appeal concerns three breach of contract actions instituted by Susquehanna Patriot Commercial Leasing Company, Inc., successor in interest to Patriot Commercial Leasing Company, Inc., Appellee, for breach of equipment lease agreements that Appellee, as lessor, entered into with Appellants, as lessees. We have disposed of the three appeals in this single adjudication because all three cases involve the enforceability of the following forum selection clause, "Any legal action concerning this lease shall be brought in federal or state court located within or for Montgomery County, Pennsylvania. You consent to the jurisdiction and venue of federal and state courts in Pennsylvania." This language is contained on the front of each equipment lease agreement, just to the left of the signature lines for the lessees. In each case, Royal Links USA is listed as the dealer for the equipment.

¶ 3 The relevant facts follow. On January 4, 2005, Appellee, a resident of Montgomery County, instituted an action in Montgomery County against Kremer Restaurant Enterprises, LLC t/a Raintree Country Club and Michael H. Kremer, Missouri residents (collectively "Kremer"), seeking accelerated rent in the amount of $33,303.92 plus interest, late fees, and attorney's fees pursuant to a February 28, 2004 equipment lease agreement for two beverage caddy concession carts. Appellee instituted another action in Montgomery County on November 11, 2004, against Beaver Dam Golf Management, Inc., d/b/a/ Beaver Dam Golf Club ("Beaver Dam"), a Wisconsin corporation, for breach of an equipment lease for a beverage concession cart. In the second action, Appellee sought accelerated rent of $14,797.12 plus interest and attorney's fees and late fees. Finally, on November 16, 2004, Appellee filed a complaint in Montgomery County against The Birdie Boys, II, Inc. t/a Boaz Golf Club and Michael C. Parrish (collectively "Birdie Boys"), residents of Alabama, for breach of an equipment lease for two beverage concession carts. Appellee claimed that Birdie Boys owed $36,472.02 in accelerated rent plus interest, late fees, and attorney's fees. The defendants in all three actions (collectively "Appellants") are business enterprises and filed preliminary objections in the respective actions based on a lack of personal jurisdiction. Appellants averred that they lacked contacts with Pennsylvania sufficient to confer personal jurisdiction in this forum.

¶ 4 In response to the preliminary objections, Appellee countered that by executing the equipment leases containing the forum selection clause, Appellants had consented to jurisdiction in Pennsylvania. The trial court agreed with Appellee, and,

by order dated November 16, 2005, overruled the preliminary objections filed in each action. It concluded that the forum selection clause in the equipment lease agreements was valid under Pennsylvania precedent and, consequently, Appellees had agreed to submit to Pennsylvania jurisdiction. The court also certified this matter for appeal pursuant to Pa.R.A.P. 311(b)(2).[1] These appeals followed.

¶ 5 In this case, we are reviewing the enforceability of a contractual provision. Since the sole issue involves a question of law, we exercise plenary review over the trial court's decision. *D & H Distributing Co., Inc. v. National Union Fire Ins. Co.,* 817 A.2d 1164 (Pa.Super.2003), *appeal granted,* 574 Pa. 760, 831 A.2d 599 (2003) (contract construction is a question of law and appellate court review is plenary).

¶ 6 We begin our analysis with the Supreme Court's seminal decision in *Central Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 209 A.2d 810 (1965). In that case, the Court ruled that forum selection clauses are presumed to be valid, noting that the "modern and correct rule" permits enforcement "when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation." *Id.* at 133, 209 A.2d at 816. The Court explained that a forum selection clause will be considered unreasonable "only where its enforcement would, under all circumstances existing at the time of litigation, seriously impair [a party's] ability to pursue his cause of action." *Id.* Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that [the party] received under the contract consideration for these things. If the agreed upon forum is available to [a party] and said forum can do substantial justice to the cause of action then [that party] should be bound by his agreement.

*Id.* at 133–34, 209 A.2d at 816. *Accord Bancorp Group, Inc. v. Pirgos, Inc.,* 744 A.2d 791 (Pa.Super.2000) (upholding unambiguous forum selection clause).

¶ 7 As noted in *Central Contracting,* the modern trend is to uphold the enforceability of forum selection clauses where those clauses are clear and unambiguous. *E.g., Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Secure Financial Service, Inc. v. Popular Leasing USA,* 391 Md. 274, 892 A.2d 571 (2006); *Ex parte Leasecomm Corp.,* 879 So.2d 1156 (Alabama 2003); *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hospital,* 66 Ohio St.3d 173, 610 N.E.2d 987 (1993); *Chase Third Century Leasing Co., Inc. v. Williams,* 782 S.W.2d 408 (Mo.App. 1989); *Manrique v. Fabbri,* 493 So.2d 437 (Fla.1986); *ABC Mobile Systems, Inc. v. Harvey,* 701 P.2d 137 (Colo.App.1985); *Hauenstein & Bermeister, Inc. v. Met–Fab Industries, Inc.,* 320 N.W.2d 886 (Minn. 1982); *Volkswagenwerk, A.G. v. Klippan, GmbH,* 611 P.2d 498 (Alaska 1980); *Societe Jean Nicolas Et Fils v. Mousseux,* 123 Ariz. 59, 597 P.2d 541 (1979); *Smith, Valentino & Smith, Inc. v. Superior Court,* 17 Cal.3d 491, 131 Cal.Rptr. 374, 551 P.2d 1206 (1976); *Reeves v. Chem Industrial Co.,* 262 Or. 95, 495 P.2d 729 (1972); *see also* Restatement (Second) of Conflict of

---

**1.** That rule states that an appeal as of right may be taken "from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if ... the court states in the order that a substantial issue of venue or jurisdiction is presented."

Laws § 80 (forum selection clause will be given effect unless unfair or unreasonable).

¶ 8 In light of these controlling principles from *Central Contracting* and prevailing case law, a forum selection clause in a commercial contract between business entities is presumptively valid and will be deemed unenforceable only when: 1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy. We now consider the specific arguments raised by Kremer and Birdie Boys, who maintain that the clause in question is unenforceable because it never was explained to them, and they were not aware of its existence.

¶ 9 The clause at issue states in plain and nonlegal language that "any legal action concerning this lease" must be brought in Pennsylvania and that Appellants consented to the jurisdiction of the state courts in Pennsylvania and specifically Montgomery County. It is settled law that a party is bound by clear and unambiguous language contained in a contract. *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 305, 469 A.2d 563, 566 (1983) ("Where ... the language of the contract is clear and unambiguous, a court is required to give effect to that language"); *accord De Lage Landen Financial Services, Inc. v. M.B. Management Co.*, 888 A.2d 895 (Pa.Super.2005). As the language at issue herein is clear and concise, we reject the contention that Appellee was required to explain the clause to Birdie Boys and Kremer.

¶ 10 Similarly, the claim by Birdie Boys and Kremer that they were unaware of the clause is unavailing because failure to read contractual language is not a defense in a contract action. *Pennsylvania Manufacturers' Ass'n Insurance Co. v. Aetna Casualty & Surety Insurance Co.*, 426 Pa. 453, 233 A.2d 548 (1967) (failure to read a contract is neither a defense nor an excuse and will not provide grounds for avoiding the contract or any provision therein); *Simeone v. Simeone*, 525 Pa. 392, 400, 581 A.2d 162, 165 (1990) (a party is normally bound by an agreement regardless of whether the contractual terms were read and understood); *accord De Lage Landen Financial Services, Inc., supra.* Indeed, in *Bancorp Group, Inc., supra,* we held specifically that a forum selection clause could not be avoided based on an averment that the defendant had not read the choice-of-forum language. In this case, the clause is not obscure, and it was placed on the front of the contract in type face consistent with the other provisions. Therefore, Birdie Boys and Kremer cannot avoid its import based on a claim that they did not read the contract.

¶ 11 Citing *Churchill Corp. v. Third Century, Inc.*, 396 Pa.Super. 314, 578 A.2d 532 (1990), and *Morgan Trailer Manufacturing Co. v. Hydraroll, Ltd.*, 759 A.2d 926 (Pa.Super.2000), Kremer and Birdie Boys also maintain that the cost and inconvenience of defending their actions in Pennsylvania, which is located far from their respective states of Missouri and Alabama, will "seriously impair" their ability to defend the lawsuits, thereby rendering the clause invalid. In *Churchill,* we concluded that a forum selection clause vesting jurisdiction in Missouri in an equipment lease was not enforceable against a lessee in Pennsylvania where the equipment at issue was worth less than $2,000. We reasoned that in light of the paltry amount involved and the distant location of the forum, requiring the lessee to defend in Missouri would force it to

default, thus seriously impairing the equipment lessee's ability to litigate.

¶ 12 Thereafter, in *Morgan Trailer*, we refused to uphold a forum selection clause vesting jurisdiction over a breach of contract action in England when all of the witnesses and evidence were in this Commonwealth and when the English company that was involved in the litigation had an office in Pennsylvania. We held that given the extreme distance of the forum and the fact that all of the witnesses and evidence were here, enforcing the clause would "seriously impair" the party's participation in the litigation.

¶ 13 The considerations at issue in those cases are not present herein. The amounts in question are not so minimal that Appellants will be forced to default rather than litigate on the merits. Pennsylvania is not a distant foreign jurisdiction. In *Central Contracting*, our Supreme Court clearly stated that mere inconvenience or additional expense will not permit a forum selection clause to be avoided. The Court further held that if the forum is available and can do substantial justice to the action, there is no serious impairment of a party's ability to litigate.

¶ 14 In the case at bar, the trial court noted that these cases can be litigated together, actually resulting in conservation of resources. Furthermore, in this age of advanced electronic transmission of information, the testimony and evidence that Appellants seek to introduce in defense of the leases can be introduced without extensive travel. As the trial court in Montgomery County is capable of providing a fair forum for any defense to the contracts in question, we affirm its conclusion that the forum selected will not seriously impair Appellants' ability to defend.

■ ¶ 15 Birdie Boys also suggests that this forum selection clause is unen-

forceable because it was not supported by separately negotiated consideration. We disagree. In *Central Contracting*, the Supreme Court observed that the consideration for the contract as a whole will be presumed to have provided consideration for the forum selection clause. Hence, this claim fails.

■ ¶ 16 Beaver Dam levels two different challenges to the clause that pertain to the following allegations about the procurement of the contracts in question. Royal Links, which, as noted, was listed as the dealer on the pertinent leases, purportedly obtained the equipment leases through fraud. Apparently, Royal Links traveled to various small golf courses across the United States and obtained equipment leases for beverage concession carts. However, the beverage carts were actually nothing more than ice chests on wheels and were worth about ten percent of the amount due under the equipment leases. To obtain the leases, Royal Links entered into a side agreement with each golf course. In the side agreements, Royal Links promised to place advertisements on the drink carts and represented that the revenue from those advertisements would offset each golf course's obligation for the rental due to Appellant under the equipment leases. In the side agreements, a forum selection clause confers jurisdiction in Ohio. After negotiating the equipment leases, Royal Links ceased sending advertising revenue to the golf courses, defaulted under the side agreement, and declared bankruptcy.

■ ¶ 17 Beaver Dam argues that its equipment lease is void because it was procured by the fraud of Royal Links, an agent of Appellee. It maintains that the "entire contract and all its clauses are void." Beaver Dam's brief at 4. However, this defense cannot be raised at this point

in the action. A forum selection clause can be avoided for fraud only when the fraud relates to procurement of the forum selection clause itself, standing independently from the remainder of the agreement. *E.g., Edge Telecom, Inc. v. Sterling Bank*, 143 P.3d 1155, 2006 WL 2291136 (Colo. App.2006) ("every other court to have addressed this issue has agreed that, to render a forum selection clause unenforceable, the party seeking to avoid the clause must show that the clause itself was procured by fraud"); *MSDG Mobile, LLC v. American Federal, Inc.,* 2006 WL 515531 (W.D.Ky. 2006) ("If one seeks to invalidate a forum selection clause by allegations of fraud, there must have been fraud or coercion in the inducement of the clause itself, standing apart from the rest of the agreement."); *Preferred Capital, Inc. v. Power Eng. Group, Inc.,* 163 Ohio App.3d 522, 839 N.E.2d 416, 421 (2005) ("To invalidate a forum-selection clause based on fraud, it must be established that the fraud relates directly to the negotiation or agreement as to the forum selection clause itself and not the contract in general."); *Ex parte Leasecomm Corp., supra* at 1159 ("proper inquiry is whether the forum-selection clause is the result of fraud in the inducement in the negotiation or inclusion in the agreement of the forum-selection clause itself ... if the claim of fraud in the inducement is directed toward the entire contract, the fraud exception to enforcement of the forum-selection clause does not apply"). In this case, the fraud allegations relate to procurement of the equipment lease as a whole rather than the forum selection clause itself; therefore, the allegations will not invalidate the clause.

¶ 18 Lastly, Beaver Dam suggests that the forum selection clause in the side agreement with Royal Links leaves it without a forum, and the two competing forum selection clauses essentially are subject to the "knockout" rule. We disagree. The trial court herein can certainly determine the validity of these equipment leases based on the alleged fraud of Royal Links. The court is capable of determining whether the side agreement with Royal Links renders these equipment leases unenforceable. Furthermore, the knockout rule simply is not applicable in this case because we are confronted with two separate contracts with differing entities. The knockout rule applies to ascertain the terms of a single contract when forms containing inconsistent or additional provisions have been exchanged by the contracting parties during the course of negotiations. *See Flender Corp. v. Tippins Int'l, Inc.,* 830 A.2d 1279 (Pa.Super.2003).

¶ 19 In conclusion, we find that Pennsylvania is an available forum to Appellants and is capable of doing justice to these causes of action, including any allegations that the equipment leases were procured by the fraudulent conduct of Appellee's agent. We therefore affirm the trial court's conclusion that the forum selection clause in these leases is enforceable.

¶ 20 Orders affirmed.