J-A27043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BIG & LITTLE OIL, LLC; BIVINS RYAN INVESTMENTS, LLC; BLUE SPHINX MANAGEMENT LTD; BRYAN WOOD; BTBA, LLC; CAROLYN BIVINS 1952 TRUST #4; CO-PA, LLC; CORNELIA WADSWORTH RITCHIE TRUST NO. FOUR; CUSOLITO PULTORAK, LLC; DARRELL F. AND SUZANNE H. ABEL; EDWIN SHELTON PROPERTIES, LLC; EVA DROBEZKO; FB. LAMAR, LP; FB ROHANNA, LP; FHMW, LLP; FINE BUNCH, LLC; GALBRAITH GREENE, LLP; GALBRAITH LAMAR, LLP; GALBRAITH ROHANNA, LLP; GALBRAITH ROHANNA 2 LLP; GEORGE W. ZUNDELL; HOOK GREENE COUNTY, LLP; HOOK LAMAR, LLP; HOOK LAMAR 2, LLP; HOOK ROHANNA 1, LLP; HOOK ROHANNA 2 LLP; HOOK ROHANNA 3 H LLP; JABST INVESTMENTS, LLC; JOHN & KATHY MCNAY; JUSKOWICH PULTORAK 1H & 2H, LLP; JUSKOWICH ROHANNA 2H, LLP; KEENER OIL & GAS, LLP; LIVING GOOD, LLC; LNR INTERESTS, LP; MARK ERNEST BIVINS TRUST; MARK E. FOX, EXECUTOR OF THE ESTATE OF J.K. WILLISON, DECEASED; MENDICINO VENTURES, INC.; MG BIG GREEN VENTURES, LLC; MOUNTAINTOP INVESTORS 2010-1, LLC; MOUNTAINTOP INVESTORS 2010-2, LLC; MOUNTAINTOP INVESTORS L2-H, LLC; MOUNTAINTOP INVESTORS R-2H, LLC; MOUNTAINTOP INVESTORS PT LLC; ROHANNA IRON & METAL, INC.; SILVER FOX FARM, LLC; THOMAS PEYTON BIVINS TRUST; THOMAS E. & BERTHA M. SCHERICH; THOMAS M. COLELLA REVOCABLE TRUST; TRES NGUYEN, LLC; WILLISON FOX, LLP; AND 1952 ELDER BIVINS CHILDREN'S EXEMPT TRUST | IN THE SUPERIOR COURT OF PENNSYLVANIA |

J-A27043-15

Appellee

v.

TANGLEWOOD EXPLORATION LLC AND
VANTAGE ENERGY APPALACHIA, LLC

Appellant          No. 1813 WDA 2014

Appeal from the Order Entered October 24, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2013-7699

BEFORE:  BOWES, OLSON AND STABILE, JJ.

MEMORANDUM BY BOWES, J.:          **FILED JULY 25, 2016**

Tanglewood Exploration LLC, a Texas limited liability company, and Vantage Energy Appalachia, LLC, a Pennsylvania limited liability company, (collectively "Tanglewood"), appeal from the October 24, 2014 order overruling their preliminary objections to venue in Washington County, Pennsylvania.[1]  We reverse and remand for further action consistent with this disposition.

_____

[1] We have jurisdiction to entertain the instant appeal pursuant to Pa.R.A.P. 311(b)(2), which provides that an

> "An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter . . . if:
>     . . .

*(Footnote Continued Next Page)*

- 2 -

Tanglewood was engaged in oil and gas drilling in Pennsylvania. It subsequently assigned its interests to Vantage. The Appellees (hereinafter "Participants"), the majority of whom are from Pennsylvania, are mineral rights owners and investors who entered into Joint Operating Agreements ("JOAs") and Participation Agreements ("PAs") with Tanglewood for the funding of the drilling operations in exchange for a percentage interest in the proceeds. The PAs incorporate by reference the JOAs. A provision in the PA states:

> **Governing Law**. This Agreement and any claims related directly to this Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of Texas. **No proceeding related directly or indirectly to this Agreement shall be commenced, prosecuted or continued in any court other than the courts of the State of Texas located in the county of Tarrant.**

Participation Agreement at ¶15[2] (emphasis added). The PAs also contain an integration clause providing that "this Agreement" constitutes the entire understanding between the parties. *Id*. at ¶17.

Participants commenced this cause of action in Washington County, Pennsylvania, alleging breach of contract, unjust enrichment, fraud, and

*(Footnote Continued)* —————————

> (2) the court states in the order that a substantial issue of venue or jurisdiction is presented.

[2] Substantively, the PAs are identical. Since the language in the PA between Tanglewood and Big & Little Oil, LLC, is representative of all of the PAs, we use that agreement as an exemplar.

seeking declaratory relief under the JOAs. Tanglewood filed preliminary objections to venue, asserting that the forum selection clause in the PAs governed and mandated that all actions be maintained in Tarrant County, Texas. After an amended complaint was filed, Tanglewood renewed the objection to venue in Washington County.

The trial court overruled Tanglewood's preliminary objections by order dated October 6, 2014, and subsequently modified that order at Tanglewood's request to state that its order presented a substantial question of venue for purposes of rendering it appealable as of right pursuant to Pa.R.A.P. 311(b)(2).

Tanglewood presents one issue for our review:

> Whether parties to agreements are required to bring this proceeding, which involves the operation of oil and gas wells they invested in pursuant to the agreements, in Tarrant County, Texas, because they agreed that no proceeding related directly or indirectly to the agreements shall be commenced, prosecuted, or continued in any courts other than the courts of the State of Texas located in the county of Tarrant.

Appellants' brief at 4.

The threshold question is what law applies to construction of the contracts herein. The PAs state that Texas law governs. The JOAs contain a provision that "[t]his agreement and all matters pertaining hereto, including but not limited to matters of performance, non-performance, breach, remedies, procedures, rights, duties, and interpretation or construction shall

be governed by the law of the state in which the Contract Area is located[,]" which is Pennsylvania.  JOAs, Article XIV at B.

"[T]he first step in a choice-of-law analysis under Pennsylvania law is to determine whether a conflict exists between the laws of the competing states." *Sheard v. J.J. DeLuca Co., Inc.*, 92 A.3d 68, 76 (Pa.Super. 2014) (citation omitted).  Absent a conflict, we generally apply Pennsylvania law. Tanglewood maintains that there is no conflict between Texas and Pennsylvania law regarding the enforceability of forum selection clauses or the treatment of contracts executed together and incorporated by reference. Under Pennsylvania law, we construe multiple agreements related to the same transaction as one agreement.  *See Southwestern Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 188 (Pa.Super. 2013) (interpreting a lease and two letter agreements referencing and incorporating each other as a single agreement).  Texas has adopted the same approach.  *See In re Laibe Corp.*, 307 S.W.3d 314, 317 (Tex. 2010) (documents "pertaining to the same transaction may be read together," even if they are executed at different times and do not reference each other, and "courts may construe all the documents as if they were part of a single, unified instrument").

The Participants agree that both Pennsylvania and Texas law provide for the enforceability of forum selection clauses that are clear and unambiguous, although they dispute that the instant clause meets that criteria.  Since it is undisputed that there is no appreciable conflict in the

treatment of such clauses under either Pennsylvania or Texas law, we will apply Pennsylvania law in determining whether the forum selection clause is enforceable herein.

We review a trial court order disposing of preliminary objections as to venue for an abuse of discretion or legal error. ***Beemac Trucking, LLC v. CNG Concepts, LLC***, 2016 PA Super 32 (Pa.Super. 2016) (citing ***Autochoice Unlimited, Inc. v. Avangard Auto Fin., Inc.***, 9 A.3d 1207, 1211 (Pa.Super. 2010)). "If venue is based upon the interpretation and application of a forum selection clause in a contract, then we conduct a *de novo* review of the trial court's conclusions of law." ***Autochoice Unlimited, Inc.***, ***supra*** at 1211 (affirming grant of preliminary objections based on venue lying in Florida because parties agreed to forum selection clause in contract). .

The specific contract language at issue is contained in the PAs:

> No proceeding related directly or indirectly to this Agreement shall be commenced, prosecuted or continued in any court other than the courts of the State of Texas located in the county of Tarrant.

Participation Agreement, at ¶15.

The question herein is whether the forum selection clause in the PAs applies to disputes based upon breaches of the JOAs. Tanglewood contends that the PAs, which incorporate the JOAs, constitute one agreement, and that the forum selection clause in the PAs governs. It directs our attention

to **Huegel v. Mifflin Construction Co.**, 796 A.2d 350 (Pa.Super. 2002), where homeowners sued both a construction company and a financing company that loaned them money for their project. The contractor arranged for the loan pursuant to a provision in the construction contract permitting it to do so at the homeowners' request. The loan agreement specifically referenced the goods and services purchased, and was made subject to the terms of the construction contract. It also contained an arbitration clause that provided, "any and all disputes relating [to] the provisions of, or obligations or work performed under this Contract shall be submitted to binding arbitration." **Id**. at 355. At issue was whether the arbitration clause governed a dispute involving the construction itself.

The trial court found that the arbitration clause was inapplicable because the claims arose from work performed under the construction contract. This Court reversed, concluding that the loan agreement effectively incorporated the construction contract, and that the construction and loan agreements constituted one transaction that had to be construed together. In addition, we noted the loan agreement was "replete with references not only to [homeowners'] obligation to repay the money borrowed, but also to their rights and obligations for the goods and services purchased" under the construction accord. **Id**. **See also Southwestern Energy Prod. Co. v. Forest Res., LLC**, 83 A.3d 177, 188 (Pa.Super. 2013) (interpreting a lease and two letter agreements referencing and

incorporating each other as a single agreement); *Giant Food Stores, LLC, v. THF Silver Spring Dev., L.P.*, 959 A.2d 438 (Pa.Super. 2008) (holding four written instruments executed at different times and which did not in terms refer to each other constituted one agreement governing one transaction).

Participants make no attempt to distinguish *Huegel* or its progeny. Rather, they argue that it is unclear from the PAs' forum selection clauses whether they were intended to apply to actions involving the JOAs. They contend that the repetitive "this Agreement" language should be construed as referring solely to the PAs. In further support of that construction, they point to other provisions in the PAs distinguishing between "this Agreement" and the JOAs as proof that the two agreements are distinct contracts.

Finally, Participants assert that the purpose of the PAs was solely to fund Tanglewood's initial exploration and development on certain subject leases in exchange for a percentage interest in those leases while the JOAs define the parties' rights and obligations regarding the operation of the contract areas. Participants maintain that the scope of the instant dispute falls within the JOAs, not the PAs, as the claims do not relate to funding but only to operations. They rely upon *Morgan Trailer Mfg. Co. v. Hydraroll Ltd.*, 759 A.2d 926 (Pa.Super. 2000), where this Court held that claims for tortious interference with employment relationship, misappropriation of trade secrets, unfair competition and the like were separate from the

contract because they did not involve the sale of products, and thus, were not subject to the forum selection clause.

We begin by determining what constitutes the agreement of the parties. The record reveals the following. As in **Heugel**, the various PAs expressly incorporate by reference and attach the JOAs. **See** PA at ¶2 ("contemporaneously with the execution of this Agreement Participant shall pay to Tanglewood: (i) the sum of $360,000, which is on eight percent (8%) of the estimated AFE cost . . . . which are attributable to Tanglewood's working interest under the JOAs, attached hereto and made a part hereof as 'Exhibit A'"). In addition, there are numerous references in the PAs to the JOAs. Paragraph 3 of the PAs provides that Participant "acknowledges that any Earned Acreage hereunder will be subject to and burdened by the JOA and the Letter Agreement dated July 21, 2009." The Participation Letter Agreements, executed the same day as the PAs and expressly incorporated by reference therein, additionally provided that Tanglewood would be the operator of the lease and Tanglewood and Participant "shall enter into a joint operating agreement ("JOA") governing the lease" on the form agreement 610-1989. The letter concluded:

> If the foregoing correctly sets forth your understanding of our agreement in this matter, please so indicate by executing a copy of this letter in the space provided below and returning a completely executed copy to the undersigned as soon as possible.

Participation Letter Agreement. Participants executed the participation letter agreements. The PAs contain an integration clause providing that this Agreement constitutes the entire understanding between the parties. *Id*. at ¶17.

"It is a general rule of law in the Commonwealth that where a contract refers to and incorporates the provisions of another, both shall be construed together." *Shehadi v. Northeastern Nat'l. Bank*, 378 A.2d 304, 306 (Pa. 1977). Further, as this Court reiterated in *Giant Food Stores, LLC*, *supra* at 445 (quoting *Huegel*, *supra* at 445), "[w]here several instruments are made as part of one transaction they will be read together, and each will be construed with reference to the other; and this is so although the instruments may have been executed at different times and do not in terms refer to each other."

Herein, the PAs expressly contemplate and incorporate the JOAs and the Participation Letter Agreements. The fact that the JOAs do not refer to the PAs is not dispositive, especially since the JOAs are simply form agreements setting forth the specifics of the arrangement among the operator and the non-operators, all of whom are participants under the PAs. Signatures on the Participation Letter Agreements confirm that the Participants agreed to enter JOAs governing the lease. The JOAs do not have integration clauses. Although this is not determinative of the issue, the absence of an integration clause in those documents is evidence that they

were not intended to be the entire contract among the parties. **_See Green Valley Dry Cleaners, Inc. v. Westmoreland County Industrial Dev. Corp._**, 832 A.2d 1143 (Pa.Cmwlth. 2003); **_see also Price v. Elexco Land Servs., Inc._**, 2009 U.S. Dist. LEXIS 58268 (M.D. Pa. 2009).

Nor are we persuaded that the specific references in the PAs to the JOAs and treating the latter as distinctly identifiable documents alters the fact that they were intended to constitute the entire agreement among the parties. We conclude that the PAs incorporate and include the JOAs and the Participation Letter Agreements, and thus, all three documents constitute the entire agreement among the parties and must be construed together.

A common sense examination of the claims asserted herein leaves no doubt that they directly or indirectly related to the entire transaction among the parties. The underlying claims relate to Tanglewood's assignment of its interests to Vantage, underpayment of proceeds to Participants, and improper billings. Although the alleged breaches arise under the terms of the JOAs, since those agreements are incorporated into the PAs, it necessarily follows that claims for breach of the JOAs are directly or indirectly related to the PAs.

Finally, Participants contend that requiring this action to be brought in Texas would annul or vitiate the governing law clause of the JOAs. We disagree. Participants conflate forum selection with choice of law. A court sitting in Tarrant County, Texas, can apply Pennsylvania law to the merits of

the underlying controversy. It is for that court to determine what law applies with reference to its own conflicts rules.

As we held in **Patriot Commer. Leasing Co. v. Kremer Rest. Enters., LLC**, 915 A.2d 647, 650 (Pa.Super. 2006), "the modern trend is to uphold the enforceability of forum selection clauses where those clauses are clear and unambiguous." Such clauses are subject to the principles of general contract interpretation and generally enforceable where the parties have agreed to litigate in a particular forum and the provision is not unreasonable. **Central Contracting Co. v. C.E. Youngdahl & Co.**, 209 A.2d 810, 819 (Pa. 1965); **Midwest Fin. Acceptance Corp. v. Lopez**, 78 A.3d 614, 629 (Pa.Super. 2013). Furthermore, such clauses are presumptively valid in commercial contracts and "will be deemed unenforceable only when: 1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy." **Id**.

We do not find the forum selection clause in the PAs ambiguous. Also, it is not unreasonable in light of the fact that Tanglewood Exploration LLC is a Texas limited liability company and many of the Participants are residents of Texas. Participants do not argue that the forum selection clause was fraudulently induced, that the Texas forum is so unfair as to deprive them of an opportunity to be heard, or that the clause violates public policy. Hence,

we conclude that the forum selection clause applies and venue lies solely in Tarrant County, Texas. We therefore reverse and remand for entry of an order sustaining preliminary objections to venue and dismissing the action without prejudice to Participants to bring it in the appropriate forum.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Stabile files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2016