J-A20027-16

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| STEVEN DEFFENBAUGH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RANDY GIANCOLA, CLEM'S TRAILER SALES, INC., A PENNSYLVANIA CORPORATION, AND CLEM'S RV AND TRAILER SALES OF VIRGINIA, INC., A VIRGINIA CORPORATION | |
| Appellees | No. 1755 WDA 2015 |

Appeal from the Order Entered October 14, 2015
In the Court of Common Pleas of Butler County
Civil Division at No: 2015-10559

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:  **FILED JANUARY 23, 2017**

Appellant, Steven Deffenbaugh ("Deffenbaugh"), appeals from the October 14, 2015 order of the Court of Common Pleas of Butler County ("trial court") sustaining Appellees', Randy Giancola ("Giancola"), Clem's Trailer Sales, Inc., ("Clem's PA"), and Clem's RV and Trailer Sales of Virginia, Inc. ("Clem's VA"), preliminary objections as to venue.  Upon review, we affirm.

The trial court summarized the factual and procedural background as follows.

> This case arises from a Forbearance Agreement, entered into by [Deffenbaugh] and [Appellees] on June 22, 2015. [Deffenbaugh] avers that he began working for [Clem's PA] in January 2011, as General Manager.  He alleges that, following

his successful management of [Clem's PA], he and [] Giancola began to discuss the possibility of opening a new business, [Clem's VA], as co-owners. [Deffenbaugh] alleges that, on August 5, 2013, [Clem's VA] was formed, and he owned nineteen percent of [Clem's VA] stock. [Deffenbaugh] alleges that, in May 2015, he was approached by representatives of a competing company, Camping World, to manage one of their Florida locations. He alleges that, although he declined the Florida position, he discussed other possible opportunities with the company, and communicated with the company several times by telephone and email. [Deffenbaugh] further alleges that [Appellees] installed surveillance software on his computer that permitted them to monitor and retrieve his personal emails. [Deffenbaugh] further avers that, on June 22, 2015, [] Giancola contacted him and invited him to a meeting, to be held that same afternoon, in Cranberry Township, Butler County, Pennsylvania. [Deffenbaugh] alleges that he was ambushed by []Giancola, []Giancola's wife, a man named "Ron," and two attorneys who represented []Giancola. [Deffenbaugh] alleges that the attorneys informed him that they had proof that [Deffenbaugh] gave confidential financial information to Camping World; and when [Deffenbaugh] indicated that he had not done so, []Giancola and one of the attorneys shouted profanities at him, threatened to bankrupt him, and to expose him to financial ruin. They also allegedly stated that [Deffenbaugh] would never work in the industry again. [Deffenbaugh] alleges that one of the attorneys then presented him with two options: sign the aforementioned Forbearance Agreement or suffer financial ruin. [Deffenbaugh] alleges that he expressed concern about his ability to provide for his family if he was prohibited from working in the industry for three years, whereupon [Appellees] agreed to permit [Deffenbaugh] to work for Camping World in Toledo, Ohio, and they all signed an Addendum to that effect. [Deffenbaugh] further alleges that the Forbearance Agreement required him to transfer all of his ownership interest in [Clem's VA] to [Clem's VA], without him receiving any payment or compensation. [Deffenbaugh] alleges that he signed the Forbearance Agreement and Addendum under duress and economic compulsion.

[Deffenbaugh] also alleges that, three weeks after he signed the Forbearance Agreement, an article appeared in *RVBusiness*, announcing []Giancola's sale of [Clem's VA] and [Clem's PA] to Camper Inn RV. [Deffenbaugh] alleges that the

article quotes []Giancola as stating that he had been negotiating the sale with Campers Inn RV for seven months. [Deffenbaugh] alleges that []Giancola contrived the aforementioned allegations against [Deffenbaugh] and ambushed him at the June 22, 2015 meeting for the sole purpose of depriving [Deffenbaugh] of his share of the sale proceeds.

On July 17, 2015, [Deffenbaugh] filed his [c]omplaint in [c]ivil [a]ction. In [c]ount I, [Deffenbaugh] alleges fraud against all [Appellees]. [Deffenbaugh] alleges that [Appellees] made various illusory, unfounded, and pretextual representations to him in order to induce him to relinquish his ownership interest in [Clem's VA], and that [Appellees] fraudulently omitted to inform [Deffenbaugh] of the impending sale. In [c]ount II, [Deffenbaugh] alleges [b]reach of [f]iduciary [d]uty, against []Giancola and [Clem's PA], for their alleged failure to exercise good faith and care and to protect his interests and remit to him his proportion of the proceeds from the sale of [Clem's VA]. In [c]ount III, [Deffenbaugh] requests [d]eclaratory [j]udgment against all [Appellees], and he repudiates the Forbearance Agreement and Addendum. In [c]ount IV, [Deffenbaugh] alleges breach of the Pennsylvania Wage Payment and Collection Law against all [Appellees], averring that [Appellees] have failed to pay him approximately $120,000 in commissions, bonuses, per diem, and other earned payments. In [c]ount V, [Deffenbaugh] raises a count for [s]tatutory [a]ppraisal regarding his shares of [Clem's VA] stock.

On August 12, 2015, [Appellees] filed [p]reliminary [o]bjections and a [b]rief in [s]upport. [Appellees] argue that venue is improper in Butler County, because the Forbearance Agreement provides that any dispute relating to the Forbearance Agreement shall be heard in the Beaver County, Pennsylvania, court system.

On August 31, 2015, [Deffenbaugh] filed his [a]nswer to [Appellees'] [p]reliminary [o]bjections and [b]rief in [o]pposition.

Trial Court Opinion, 10/14/2015, at 1-4. The trial court sustained the preliminary objection as to venue on October 14, 2015. Deffenbaugh filed a

timely notice of appeal on November 5, 2015. Deffenbaugh and the trial court complied with Pa.R.A.P. 1925.

Deffenbaugh raises three issues on appeal.

I. Did the trial court err in applying a forum selection clause that was not the product of free negotiation and agreement?

II. Was the forum selection clause in the so-called "Forbearance Agreement" vitiated by fraud?

III. Was the forum selection clause in the so-called "Forbearance Agreement" vitiated by duress or economic compulsion?

Appellant's Brief at 4.

Our standard of review is well established. "Generally, this Court reviews a trial court order sustaining preliminary objections based upon improper venue for an abuse of discretion or legal error." *Autochoice Unlimited Inc. v. Avangard Auto Fin., Inc.,* 9 A.3d 1207, 1211 (Pa. Super. 2010) (quotation and citation marks omitted). Deffenbaugh's three arguments are essentially intertwined. Specifically, Deffenbaugh argues the forum selection clause is unenforceable because the clause and the contract as a whole were entered into fraudulently and under duress.

"A forum selection clause can be avoided for fraud only when the fraud relates to procurement of the forum selection clause itself, standing independently from the remainder of the agreement." *Patriot Commercial Leasing Co., Inc., v. Kremer Rest. Ent., LLC*, 915 A.2d 647, 653 (Pa Super. 2006). In *Patriot*, this Court held that even when a party alleges fraud in the inducement of a contract the

- 4 -

forum selection clause in a commercial contract between business entities is presumptively valid and will be deemed unenforceable only when: 1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy.

*Id.* at 651. Moreover, in ***O'Hara v. First Liberty Ins. Corp***, 984 A.2d 938 (Pa. Super. 2009) this Court noted that while ***Patriot*** involved a contract between two commercial entities, it does not suggest that the holding should be limited to such context. ***O'Hara*** 984 A.2d at 942.

The forum selection clause in the matter *sub judice* states that

[j]urisdiction covering any dispute, interpretation, claim or lawsuit arising under, related to, and/or concerning this Agreement, any of the acts to be taken thereunder, and/or any related matters, is in the state or federal courts for Beaver County, Pennsylvania, subject to ordinary rights of appeal, with any Order of Judgment enforceable in any competent jurisdiction.

Complaint, 7/17/2015, at Ex. B. In his complaint, Deffenbaugh does not allege the forum selection clause was induced by fraud or overreaching, instead he alleges the entire Forbearance Agreement was. Similarly, on appeal, Deffenbaugh's argument fails to develop his argument on the forum selection clause itself having been procured by fraud; rather, Deffenbaugh focuses his argument on the formation of the Forbearance Agreement as a whole. Deffenbaugh's argument is flawed as we look to the formation of the forum selection clause itself, rather than formation of the contract as a whole. ***See Patriot***, 915 A.2d at 652. We find that the trial court did not

commit an abuse of discretion or legal error when it found the forum selection clause was enforceable. **See** Trial Court Opinion, 10/14/2015, at 6.

Additionally, the Forbearance Agreement provides for venue to lie in Beaver County, Pennsylvania. In his brief, Deffenbaugh fails to develop the argument that "the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard." **Patriot**, 915 A.2d at 652. Instead, Deffenbaugh argues that venue would be more appropriate in Butler County because both he and Giancola parties are residents of Butler County and the formation of the Forbearance Agreement took place in Butler County. Deffenbaugh filed his action in Butler County, Pennsylvania, a neighboring county. Deffenbaugh admits that the offices of Clem's PA are located in Beaver County. **See** Answer to Preliminary Objections Raising Issues of Fact, 8/31/2015, at ¶5. Deffenbaugh failed to present evidence that Beaver County could not provide a full and fair consideration of the suit or that such forum would result in additional prohibitive costs; therefore, this argument fails. **See Autochoice Unlimited, Inc.**, 9 A.3d at 1215-16 (affirmed enforceability of a forum selection clause where appellant failed to produce evidence of the unavailability/capability of a selected forum and whether there would be additional costs of litigating in the selected forum).

Furthermore, Deffenbaugh fails to develop an argument that the forum selection clause violates public policy. Therefore, Deffenbaugh's claim fails.

In conclusion, the trial court did not abuse its discretion or commit an error of law when it sustained Appellees' preliminary objections as to venue.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2017