GERSTEN, C.J.
David Hart and David Hart, P.A. (collectively “Hart”) appeal an order denying a motion to compel arbitration. Because the parties did not agree to arbitrate the claims alleged in the complaint, we affirm.
Appellees, Chloe Zemmour (“Zemmour”) and Maurice Djedou (“Djedou”), planned to immigrate to the United States. Lionel Gallula (“Gallula”), an acquaintance, recommended Hart as an immigration and business attorney to assist appellees in obtaining an investor visa.
To satisfy the investment requirement of the visa, Hart prepared a stock purchase agreement (“agreement”) for Zemmour and Djedou to purchase fifty percent of Gallula’s pizza restaurant. The agreement provided for arbitration of any claim, controversy, or dispute arising out of or relating to the agreement.
After discovering that the pizza business was worthless, Zemmour and Djedou sued Hart for breach of fiduciary duty, malpractice, and fraud in the inducement. Hart moved to compel arbitration under the provisions of the agreement, which the trial court denied.
On appeal, Hart contends that he is entitled to arbitrate the claims against himself because the agreement he prepared contained an arbitration clause. Zemmour and Djedou assert that because Hart is not a party to the agreement and because the agreement containing the arbitration clause is not the basis for the claims against Hart, there is no right to arbitrate. We agree with Zemmour and Djedou that Hart is not entitled to arbitrate Zemmour and Djedou’s claims.
In determining whether to compel arbitration, the court must consider whether a valid written agreement to arbitrate exists, whether an arbitrable issue exists, and whether the right to arbitrate was waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). Here, the existence of a valid agreement to arbitrate is debatable, and waiver is not an issue. However, we find that there is no arbitra-ble issue in this case.
In turning to the question of an arbitrable issue, we must determine whether Zemmour and Djedou’s claims against Hart are subject to the agreement’s arbitration provision. In Seifert, the Florida Supreme Court adopted the framework for analysis and holding of Dusold v. Porta-John Corp., 167 Ariz. 358, 807 P.2d 526, 531 (1990):
If the contract places the parties in a unique relationship that creates new duties not otherwise imposed by law, then a dispute regarding a breach of a contractually-imposed duty is one that arises from the contract. Analogously, such a claim would be one arising from the contract terms and therefore subject to arbitration where the contract required it. If, on the other hand, the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising from the contract, but sounds in tort. Therefore, a contractually-imposed arbitration requirement ... would not apply to such a claim.
750 So.2d at 639 (citations omitted).
Here, Zemmour and Djedou’s claims against Hart are essentially for malprac *475 tice. They allege that Hart, as their attorney, misled them into investing in a business venture with Gallula. Most of the alleged wrongdoing took place before execution of the agreement, and arose from the attorney-client relationship between the parties. The claims, therefore, “relate[d] to duties wholly independent from the agreement” containing the arbitration provision. Seifert, 750 So.2d at 642. Thus, the claims against Hart are not subject to the arbitration provisions of the agreement.
Accordingly, the order denying arbitration is affirmed.
Affirmed.