**AUTOCHOICE UNLIMITED, INC., Appellant**

v.

**AVANGARD AUTO FINANCE, INC. d/b/a Friedman's Financial Group, LLC d/b/a AFFM, Inc., Friedman's Financial Group, LLC and AFFM, INC., Appellees.**

Superior Court of Pennsylvania.

Submitted Oct. 18, 2010.

Filed Dec. 1, 2010.

Henry I. Langsam, Philadelphia, for appellant.

Arkady Rayz, Huntingdon Valley, for appellee.

BEFORE: STEVENS, DONOHUE, and MUNDY, JJ.

OPINION BY MUNDY, J.:

Appellant, Autochoice Unlimited, Inc., appeals from an order entered February 4, 2010, sustaining in part Appellees' preliminary objections and dismissing Appellant's complaint without prejudice. Specifically, the trial court sustained Appellees' objection to forum in Philadelphia on the basis of a forum selection clause contained in a contract between Appellant and Appellee Avangard Auto Finance, Inc. (Avangard), designating Broward County, Florida, as sole venue to resolve disputes. Because we discern no error or abuse of discretion by the trial court, we affirm.

Appellant, plaintiff in the underlying action, is a Pennsylvania corporation engaged in the business of selling used vehicles in Philadelphia. Avangard, defendant in the underlying action, is a Delaware corporation engaged in the business of financing purchases of vehicles in Philadelphia, Pennsylvania. Certified Record (C.R.) at 1. Appellees Friedman Financial Group, LLC, and AFFM, Inc., are alleged by Appellant to be alternative names under which Avangard does business. C.R. at 1. On February 10, 2008, Appellant and Avangard entered into a "Dealer Agreement" defining the terms for Avangard's purchase of vehicle financing contracts generated by Appellant's vehicle sales. C.R. at 5, Exhibit A. The Dealer Agreement contained the following choice of law and forum selection clause.

20. PERFORMANCE AND VENUE—All acts of performance required by the Parties hereunder shall be deemed performed in Broward County, Florida. All acts and transactions hereunder and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance

with the laws of the State of Florida. Venue for any legal action shall be in Broward County, Florida.

C.R. at 5, Exhibit A, ¶ 20.

The instant matter commenced when Appellant filed a complaint against Appellees on December 12, 2008, containing four counts. The counts, as characterized in their respective headings, included "fraud," "constructive fraud," and "nonpayment of check" relative to a stop payment order on a check allegedly due Appellant from Appellees in connection with a sale of a vehicle financing agreement. The fourth count alleged nonpayment of sums due in connection with a sale of a second vehicle financing agreement. C.R. at 1.

On January 22, 2009, Appellees filed preliminary objections which included, *inter alia,* a challenge to venue based on the forum selection clause contained in the Dealer Agreement.[1] C.R. at 5. While the matter was pending, Appellee Avangard filed an action for breach of the Dealer Agreement in Broward County, Florida, on August 7, 2009. The Florida court found that it had no personal jurisdiction over Appellant and dismissed Avangard's complaint on October 22, 2009. C.R. at 25, Exhibit B. On February 4, 2010, the trial court granted Appellees' preliminary objection challenging venue and dismissed Appellant's complaint without prejudice. C.R. at 27. On February 12, 2010, Appellant filed a motion for reconsideration, which the trial court denied on March 1, 2010. C.R. at 28, 30. Appellant filed a notice of appeal on March 4, 2010.[2] C.R. at 31.

Appellant articulates eleven questions for our review.

1. Is venue proper in Philadelphia County, Pennsylvania when the action arises out of a tort committed by [Appellees] against [Appellant] in Philadelphia, Pennsylvania?

2. In ruling on preliminary objections, must a court accept all well pled material facts alleged in the complaint as true as well as all inferences deduced therefrom when ruling on preliminary objections?

3. Does [Appellant's] claim sound in tort, not contract, and therefore not related or connected to the contract between [Appellant] and Avangard?

4. Can a forum selection clause be enforced by parties who are not signatories to the contract containing the forum selection clause?

5. Is the forum selection clause enforceable by Avangard when [Appellant's] claim has not asserted any contractual claims?

6. Is the forum selection clause enforceable by Avangard when the enforcement would seriously impair [Appellant's] ability to pursue its cause of action?

7. Is enforcement of the forum selection clause unreasonable?

8. Must full faith and credit be given to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida court's Order determining that the State of Florida had no jurisdiction over [Appellant] for claims arising from the contract between Avangard and [Appellant]?

9. Is enforcement of the forum selection clause between [Appellant] and Avangard unreasonable in view of the

---

1. In light of its disposition of Appellees' objection to venue, the trial court dismissed the remainder of Appellees' objections without prejudice. C.R. at 27.

2. Appellant and the trial court have complied with Pa.R.A.P. 1925. C.R. at 33, 34.

fact that the Broward County, Florida court has declined to exercise jurisdiction in a claim arising from the contract between these parties?

10. Is the forum selection clause unenforceable as it is inapplicable to the entities who are not parties to the contract containing the clause, and would seriously impair [Appellant's] ability to bring claims in one forum against all [Appellees]?

11. Is the forum selection clause inapplicable to [Appellant's] claims against Friedman's Financial Group, LLC and AFFM, Inc., as these entities are not parties or signatories to the contract containing the forum selection clause?

Appellant's Brief at 3–4.

As phrased, Appellant's questions on appeal contain significant overlap, which Appellant distills into four basic issues in the argument section of his brief. We have summarized the substance of Appellant's arguments and, accordingly, for the purpose of our review, we will address the issues as follows.

1. Is the forum selection clause in the Dealer Agreement inapplicable as the cause of action sounds in tort and not contract?

2. Is the forum selection clause in the Dealer Agreement inapplicable to the case against Friedman's Financial Group, LLC, and AFFM, Inc., as they were not signatories to the agreement?

3. Do full faith and credit principles require that the Broward County, Florida court's determination that it had no personal jurisdiction over Appellant be applied to preclude enforcement of the forum selection clause in the Dealer Agreement?

4. Would enforcement of the forum selection clause, in the current circumstances, be unreasonable and severely impair Appellant's ability to pursue its claim?

██ We begin by noting our well settled standard of review. "Generally, this Court reviews a trial court order sustaining preliminary objections based upon improper venue for an abuse of discretion or legal error." *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 (Pa.Super.2009), *appeal denied*, 602 Pa. 668, 980 A.2d 609 (2009), *quoting Stivason v. Timberline Post and Beam Structures Co.*, 947 A.2d 1279, 1280 (Pa.Super.2008). Instantly, the issues involve the enforceability of a contract provision. "Since the sole issue involves a question of law, we exercise plenary review over the trial court's decision. *D & H Distributing Co., Inc. v. National Union Fire Ins. Co.*, 817 A.2d 1164 (Pa.Super.2003), *appeal granted*, 574 Pa. 760, 831 A.2d 599 (2003) (contract construction is a question of law and appellate court review is plenary)." *Patriot Commercial Leasing Co., Inc. v. Kremer Restaurant Enterprises, LLC*, 915 A.2d 647, 650 (Pa.Super.2006), *appeal denied*, *Susquehanna Patriot Leasing Co., Inc. v. Beaver Dam Golf Management, Inc.*, 597 Pa. 720, 951 A.2d 1166 (2008).

██ First, Appellant contends that the forum selection clause contained in the Dealer Agreement is inapplicable because the causes of action alleged in the complaint are not based on the contract, but are torts that sound independent of the contract. "The written contract relied on by [Appellants] merely establishes a general business relationship between [Appellant] and Avangard, which contract is wholly unrelated to and does not give rise to the torts of issuing a bad check and committing fraud." Appellant's Brief at 14–15. Appellees respond that notwithstanding Appellant's attempt to sound its complaint in tort, its causes of action are, in fact, dependent upon proof of a breach

of the contract. Appellees also contend that the clause makes no distinction as to the form of the action pursued by a party in order to trigger the forum selection clause. "[T]he venue clause at issue is all-inclusive. Indeed, it makes no differentiation between claims sounding in contract or tort and is applicable to '**any** legal action.' More importantly, the claims articulated in the Complaint arise from a breach of contract theory premised upon the terms of the Agreement between the parties." Appellees' Brief at 13 (emphasis in original). We perceive no merit in Appellant's argument.

 Under Pennsylvania law, a cause of action framed as a tort but reliant upon contractual obligations will be analyzed to determine whether the cause of action properly lies in tort or contract. "In general, courts are cautious about permitting tort recovery based on contractual breaches. In keeping with this principle, this Court has recognized the 'gist of the action' doctrine, which operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims." *Hart v. Arnold*, 884 A.2d 316, 339 (Pa.Super.2005), *appeal denied*, 587 Pa. 695, 897 A.2d 458 (2006). "Where fraud claims are intertwined with breach of contract claims and the duties allegedly breached are created and grounded in the contract itself, the gist of the action is breach of contract. Thus, claims of fraud in the **performance** of a contract are generally barred under the gist of the action doctrine." *Id.* at 340 (citations omitted) (emphasis original).

In the case *sub judice*, Appellant does not mention the February 10, 2008 Dealer Agreement in its complaint. Rather, the complaint references two specific automobile sale and financing agreements generated by Appellant and sold to Avangard

subsequent to the parties' Dealer Agreement. C.R. at 1. Appellant alleges fraud in connection with payments allegedly due for the sale of those agreements. C.R. at 1. It is the sale and purchase of just such financing agreements that is the subject of the February 10, 2008 Dealer Agreement. It is clear to this Court that the right Appellant seeks to vindicate specifically arises from his contractual relationship to Appellees, and not from a general societal policy. *See Hart, supra.* We conclude, therefore, that Appellant's claim is properly viewed as an action on the February 10, 2008 Dealer Agreement.

The United States Circuit Court of Appeals for the Third Circuit, interpreting federal, Pennsylvania and Florida law, came to a similar conclusion in upholding the applicability of a contract's forum selection clause.

We think, [case law] demonstrate[s] a principle that pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms. The narrow interpretation suggested by Crescent would permit avoiding a forum selection clause by simply pleading non-contractual claims in cases involving the terms of a contract containing the parties' choice of forum. Adopting it runs counter to the law favoring forum selection clauses in all three jurisdictions whose law might apply.

*Crescent Intern., Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944–945 (3d Cir. 1988) (citations omitted). While not binding precedent for this Court, we nevertheless conclude that the holding in *Crescent* is an accurate statement of the law in Pennsylvania.[3]

---

**3.** We also conclude that Appellant's instant

claims would be treated in similar fashion

■ We therefore conclude that Appellant's cause of action is one sounding essentially in contract and is subject to the terms of the Dealer Agreement, including the forum selection clause.[4] We proceed next to consider whether the Dealer Agreement in general, and the forum selection clause in particular, have applicability in connection with Appellant's claims against additional Appellees, Friedman Financial Group, LLC, and AFFM, Inc.

Appellant maintains that Friedman Financial Group, LLC, and AFFM, Inc., "are included in this action as additional parties responsible for the dishonored and uncured check issued to [Appellant], as the bank account from which the check was issued is titled in the name of Friedman's and AFFM.... [A]nd there is no evidence in the complaint being ruled upon that would link or tie them to [ ] Avangard." Appellant's Brief at 15. Appellees counter that Appellant, in its complaint, "admits that Friedman Financial Group, LLC and AFFM, Inc. are not separate corporate entities, but are, in fact, another name for Avangard." Appellees' Brief at 22. We agree with Appellees' assessment.

Appellant's complaint identifies both Friedman Financial Group, LLC, and AFFM, Inc., as names under which Avangard does business. C.R. at 1, ¶¶ 3, 4. Each of the counts in the complaint pertains to all of the Appellees, containing no distinction in terms of alleged wrongful acts or omissions. The complaint alleges no source for a duty of payment to Appellant by either Friedman Financial Group, LLC, and AFFM, Inc., other than through the alleged obligations of Avangard. Consequently, contrary to Appellant's assertions, we conclude that the complaint fails to allege a cause of action against Friedman Financial Group, LLC, and AFFM, Inc., distinct from their identification as alternate names for Avangard. We discern no error in the trial court's refusal to distinguish among the named Appellees relative to the applicability of the Dealer Agreement's forum selection clause.

■ Having concluded that neither the nature of the causes of action in Appellant's complaint nor the status of the named defendant/Appellees precludes enforcement of the Dealer Agreement's forum selection clause, we next consider Appellant's third issue. Appellant contends that the Broward County, Florida, court's October 22, 2009 order, which dismissed a complaint filed by Appellee Avangard against Appellant, seeking damages for alleged breach of the Dealer Agreement, is entitled to full faith and credit. Appellant's Brief at 17. Appellant posits that "[g]iven [ ] Florida has ruled that [Appellant] cannot be hailed before a Florida court, the only possible venue [for Appellant's instant complaint] is Philadelphia." *Id.* Our review of the applicable law compels us to conclude otherwise.

The application of full faith and credit principles in circumstances such as the

---

under Florida law. *See Hart v. Zemmour,* 981 So.2d 473, 474 (Fla.App. 3 Dist.2007)(holding that question of whether a cause of action sounds in tort or contract is dependent on whether duty alleged to be breached stems from contract or is imposed by law pursuant to public policy), and *Blue Supply Corp. v. Novos Electro Mechanical, Inc.,* 990 So.2d 1157, 1160 n. 2 (Fla.App. 3 Dist.2008)(holding that when fraud is complained of relative to the performance of a contract, the parties will be limited to their contractual remedies pursuant to economic loss doctrine).

4. In light of our disposition of this question, we need not address Appellees' alternate argument that the language of the forum selection clause ("Venue for **any** legal action shall be in Broward County, Florida,") encompasses tort actions.

case before us has been clearly enunciated by our Supreme Court.

The United States Constitution requires that full faith and credit "shall be given in each State ... to the judicial [p]roceedings of every other State." U.S. Const. Art. IV, § 1. The Full Faith and Credit Clause thus precludes a party from attacking collaterally a judgment of one state by attempting to re-litigate the underlying dispute resolved by that judgment in another state. **Thus, full faith and credit typically requires that a state give a judgment the same *res judicata* effect the judgment would have been afforded in the state in which it was rendered.** *Wilkes ex rel. Mason v. Phoenix Home Life Mutual Ins. Co.*, 587 Pa. 590, 902 A.2d 366, 375–376 (2006), *cert. denied, Wilkes v. Phoenix Home Life Mut. Ins. Co.*, 549 U.S. 1054, 127 S.Ct. 688, 166 L.Ed.2d 518 (2006) (citations omitted)(emphasis added).

We therefore look to Florida law to determine what *res judicata* effect the October 22, 2009, Broward County court order would have on Appellant's cause of action if brought in that jurisdiction. Florida appellate courts have held that a forum selection clause cannot of itself confer personal jurisdiction over a nonresident defendant. *See McRae v. J.D./M.D., Inc.*, 511 So.2d 540 (Fla.1987) (holding that a forum selection clause, designating Florida as the forum state, is, without more, an insufficient basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant). Under Florida law, the same does not hold true for a plaintiff seeking to enforce rights under a contract containing a forum selection clause.

In *Bombardier Capital, Inc. v. Progressive Marketing Group, Inc.*, 801 So.2d 131 (Fla.App. 4 Dist.2001), *review denied, Progressive Marketing Group, Inc. v. Bombardier Capital, Inc.* 828 So.2d 388 (Fla.

2002), the Florida District Court of Appeals, Fourth District, reviewed a trial court's order denying defendant's motion to dismiss. Defendant's motion disputed venue in Florida, asserting a forum selection clause that designated New York as the exclusive forum for disputes under the subject contract. Defendant appealed and plaintiff/appellee argued the holding of *McRae, supra*, in support of the trial court's decision. In reversing the trial court, the District Court of Appeal stated the following:

[The holding in *McRae* ], says appellee, would justify the trial court's order because the forum selection clause involved here is the sole basis upon which appellee would be subject to personal jurisdiction in New York (there being no convenience or jurisdictional underpinnings to support New York jurisdiction). But appellee can gain no succor from that argument. The issue here does not involve an attempt to secure personal jurisdiction over appellee in New York. Appellant is not seeking to make appellee a defendant in New York; appellant simply wants appellee to do that which it agreed to do: to litigate in New York any claims it may have against appellant arising out of the contract documents.

*Bombardier Capital, supra* at 135–136.

Instantly, the October 22, 2009 Broward County court order, acknowledged its lack of personal jurisdiction over Appellant, who was an objecting defendant in a suit under the contract brought by Avangard. In light of the foregoing authority, we conclude that the *res judicata* effect that Florida law would give to the October 22, 2009 Broward County court order would not bar the instant suit or the enforcement of the forum selection clause where Appellant is the plaintiff to the action.

■ We turn next to Appellant's final argument, that even if the forum selection clause is deemed applicable to the instant cause of action and all the named defendants, it should nevertheless be held unenforceable because "it would seriously impair [Appellant's] ability to bring claims against Avangard." Appellant's Brief at 17.

In *Central Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 209 A.2d 810, 816 (1965), our Supreme Court addressed the effect and enforceability of contractual forum selection clauses in Pennsylvania.

> The modern and correct rule is that, while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. Such an agreement is unreasonable only where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue his cause of action. Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things. If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement. Moreover, the party seeking to obviate

the agreement has the burden of proving its unreasonableness.

*Id.* at 816.

Recently, this Court has clarified the circumstances under which such provisions would be deemed unenforceable.

> In light of these controlling principles from *Central Contracting* and prevailing case law, a forum selection clause in a commercial contract between business entities is presumptively valid and will be deemed unenforceable only when: 1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy.

*Patriot Commercial, supra* at 651. *See also O'Hara v. First Liberty Insurance Corp.*, 984 A.2d 938 (Pa.Super.2009), appeal denied, 995 A.2d 354 (Pa.2010).[5]

■ In support of his argument that the choice of Florida as the forum for the instant action would seriously impair its ability to prosecute the action, Appellant references its lack of contacts with Florida, the location of witnesses and records in Pennsylvania, and the financial burden the requirement to sue in Florida would have on Appellant. Appellant's Brief at 19. As noted by the trial court, however, and as confirmed by our close review of the certified record, Appellant presented no evidence capable of satisfying its burden to prove unreasonableness. There is no indication that the Broward County court is unavailable or incapable of providing a full and fair consideration of the suit. The record is devoid of any specifics supporting Appellant's assertion that the additional

---

5. Although the issue was addressed by the trial court, Appellant does not argue that the forum selection clause was procured by fraud or misrepresentation. Nor does Appellant argue that the forum selection clause in question is in any way ambiguous or unclear, or that any public policy is violated by the clause.

costs would be prohibitive. Appellant cites no current circumstance that differs from those existing at the time the parties signed the Dealer Agreement and mutual consideration was exchanged for the respective obligations contained therein. "Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things." *Central Contracting, supra.* at 816. Accordingly, we reject Appellant's argument that enforcement of the forum selection clause is unreasonable.

Order affirmed.