J-A23017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL FASSERO, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT HARTZELL, M.D., ROBERT | : | No. 1531 MDA 2020 |
| LAMONT, SHELLEY N. RINE, L2 REAL | : | |
| ESTATE, LLC, SHANN LIN, M.D., | : | |
| PROGRESSIVE VISION INSTITUTE, | : | |
| P.C., NATIONAL RETINA INSTITUTE, | : | |
| PLLC, AND PACIFIC APEX | : | |
| HEALTHCARE, INC. | : | |

Appeal from the Order Entered November 3, 2020
In the Court of Common Pleas of Union County
Civil Division at No(s): 2019-0760

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: MAY 6, 2022**

Daniel Fassero, M.D., appeals from the order transferring venue to Northumberland County based on a forum selection clause after sustaining the preliminary objection filed by Scott Hartzell, M.D., Robert Lamont, and Shelley N. Rine. On appeal, Fassero raises several distinct arguments that the trial court was precluded from transferring this case. After careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

As noted above, this appeal arises from a ruling on preliminary objections. As such, the following factual background is a summary of the facts alleged by Fassero in his complaint. Fassero became a partner with Hartzell in the Eye Center of Central Pennsylvania ("Eye Center") in 2007.[1] At the same time, Fassero became a partner in several independent but related real estate holding partnerships ("BHH partnerships") with Hartzell. The BHH partnerships owned offices and leased them to Eye Center.

At some point after Fassero became a partner Robert Lamont was named CEO of the various partnerships described above. Working together and with Lamont, the two eye doctors built upon Eye Center's existing locations by creating two new surgical centers, the Surgery Center of Central PA, LLC, and the Surgery Center of Allenwood, LLC. The two doctors also became equal partners with Lamont in a new real estate holding partnership, known as HFL Properties.

However, in 2013, Fassero learned through his wife that Lamont had a criminal history. After his investigation uncovered that Lamont had two separate convictions, Fassero requested that Lamont be removed as CEO. Hartzell refused, and the relationship between Fassero and Lamont chilled.

---

[1] There were other partners involved in some of the partnerships described in this memorandum. However, they are no longer partners, and they are not relevant to this appeal in their individual capacities. For ease of reading, we do not name them or address them separately.

After this dispute, Fassero and Hartzell had frequent disagreements over the operation of Eye Center. In 2015, Hartzell determined that he would leave Eye Center to join a local hospital. When Hartzell told Lamont that he was leaving Eye Center, Lamont became concerned over his future with Eye Center. While still employed by Eye Center, Lamont began consulting a competitor, PVI, owned by Shann Lin, M.D. Hartzell never did leave Eye Center.

In his complaint, Fassero alleged that Lamont continued to draw a generous salary from Progressive Vision Institute ("PVI"), and also consulted several other competitors, specifically National Retina Institute, PLLC ("NRI"), and Pacific Apex Healthcare, Inc. ("PAH") over the intervening years. Fassero also alleged that Lamont engaged the services of another Eye Center employee, Shelley Rine, to perform medical billing for Lin while still employed by Eye Center. Finally, Fassero alleged Hartzell conspired with Lamont to keep these consulting arrangements secret from Fassero to the detriment of Eye Center and Fassero.

On March 19, 2018, Fassero filed a complaint in Northumberland County seeking to dissolve Eye Center and other damages at docket number 2018-489. He also filed this action in Union County on October 21, 2019, at docket number 190760. Fassero amended his complaint on December 9, 2019. In his Union County complaint at docket number 190760, Fassero asserted:

(1) a claim against Hartzell for breach of the Eye Center, BHH, and HFL partnership agreements;

- 3 -

(2) a claim against Hartzell and Lamont for breach of fiduciary duty pursuant to the Eye Center, BHH, and HFL partnership agreements;

(3) a claim against Lamont and Lin for aiding and abetting Hartzell's breach of fiduciary duty pursuant to the Eye Center and BHH partnership agreements;

(4) a claim against Hartzell, Lamont, Rine, Lin, PVI, NRI, and PAH for tortious interference with Fassero's prospective business relations;

(5) a claim against Hartzell, Lamont, Lin, PVI, NRI and PAH for conversion of surgical center assets;

(6) a claim against Hartzell and Lamont for conversion of surgical center assets;

(7) a claim against Hartzell, Lamont, Rine, Lin, PVI, NRI, and PAH for civil conspiracy to commit the previously listed torts;

(8) a claim against Hartzell and Lamont for civil conspiracy to interfere with Fassero's interests in the Eye Center, BHH, and HFL partnerships;

(9) a claim against Hartzell, Lamont, and Rine for misappropriation of Eye Center's trade secrets;

(10) a claim in the alternative against Hartzell, Lamont, Lin, PVI, NRI, and PAH for unjust enrichment.

In response, the various defendants filed preliminary objections to the Union County complaint raising a multitude of arguments. After hearing argument on the objections, the Union County trial court held that the venue selection clause in the Eye Center partnership agreement governed venue for at least some of the claims raised by Fassero. As a result, the court ruled on only the preliminary objection to venue raised by Hartzell, Lamont and Rine. Fassero filed this timely appeal.[2]

On appeal, Fassero makes the following arguments:

---

[2] We note that we have jurisdiction over this interlocutory appeal pursuant to Pa.R.A.P. 311(c).

- 4 -

1. The trial court committed an error of law by failing to properly review and apply Pa.R.Civ.P. 1006 and Pa.R.Civ.P. 2179 before summarily transferring the case to Northumberland County.

2. The trial court committed an error of law and abuse of discretion by failing to properly resolve disputed facts concerning proper venue under Pa.R.Civ.P. 1006 and Pa.R.Civ.P. 1028(c)(2), which the trial court itself acknowledged it was obligated to do during the oral argument, and further as was agreed to by all counsel.

3. The trial court committed an error of law and abused its discretion by concluding that the forum selection clause set forth in the Eye Center agreement dictated venue despite the fact that the Eye Center agreement was only signed by one of the eight Appellees in this matter, and further despite the fact that none of the claims raised in Appellant's Amended Complaint involve a breach of the provisions of the Eye Center agreement.

4. The trial court committed an error of law and abused its discretion by transferring Appellant's amended complaint to Northumberland County when the President Judge of Northumberland County had already issued an order denying Appellees' Hartzell, Lamont, Rine, Lin, L2, and Pacific Apex motion to coordinate this case with two cases currently pending in Northumberland County based on the same arguments used to support their preliminary objection to venue in derivation of the coordinate jurisdiction rule and/or the doctrine Of *res judicata*.

Appellant's Brief at 21, 23, 24, 33 (unnecessary capitalization omitted).

Where, as here, we review an order transferring venue due to a venue selection clause in a contract, our standard of review is *de novo*. ***See Autochoice Unlimited, Inc. v. Avangard Auto Finance, Inc.***, 9 A.3d 1207, 1211 (Pa. Super. 2010). We must ascertain and enforce the intent of the parties at the time of the contract as reasonably demonstrated by the language used in their written agreement. ***See Liddle v. Scholze***, 768 A.2d

1183, 1185 (Pa. Super. 2001). Where the language of the contract is clear and unambiguous, we confine our analysis to the terms as written in the contract. **See Beemus v. Interstate Nat. Dealer Servs., Inc.**, 823 A.2d 979, 982 (Pa. Super. 2003).

We begin by noting that each count of Fassero's amended complaint references duties and obligations arising out of multiple contracts. For example, Count I – Breach of Contract, references not only the Eye Center partnership agreement but also the BHH, BHH II, and BHH III partnership agreements. **See** Amended Complaint, 12/9/2019, at ¶¶ 111-12. Each of these partnership agreements are independent documents, and address forum selection independently. The Eye Center partnership agreement states that "[a]ny controversy or claim arising out of or relating to this Agreement shall be litigated in the Court of Common Pleas of Northumberland County, Pennsylvania[.]" **Id**., at Exhibit E, ¶ 16. The BHH III and HFL partnership agreements similarly require litigation in Northumberland County. **See id**., at Exhibit D, ¶ 19 ("all questions with respect to … the rights and liabilities of the parties hereto shall be determined … in the Court of Common Pleas of Northumberland County, Pennsylvania."); **see id**., at Exhibit I, ¶ 21 (same). In contrast, the BHH and BHH II partnership agreements do not have venue selection clauses. **See id**., at Exhibit B, ¶ 19 (providing for "all questions with respect to … the rights and liabilities of the parties hereto shall be determined

in accordance with the Laws of the Commonwealth of Pennsylvania."); **see id**., at Exhibit C, ¶ 19 (same).

Fassero does not contend that the forum selection clauses are invalid. Instead, he raises several collateral objections to their enforcement. In his first issue, Fassero argues the trial court erred in applying the venue selection clause and overriding his chosen venue.

A venue selection clause in an arms-length agreement is presumptively valid and will be deemed unenforceable only when: (1) the agreement was obtained through fraud or overreaching; (2) the selected forum is so unfair that the objecting party will be practically deprived of the opportunity to present its case; or (3) the clause violates public policy. **See Autochoice Unlimited, Inc. v. Avangard Auto Finance, Inc.**, 9 A.3d 1207, 1215 (Pa. Super. 2010).

Here, Fassero does not argue the partnership agreements, and their respective venue selection clauses, were obtained through fraud or overreaching. Nor does he contend the clauses violate public policy. And while he cites to **Morgan Trailer Manufacturing Co. v. Hydraroll, Ltd.**, 759 A.2d 926, 930 (Pa. Super. 2013) for the proposition that a court may decline to enforce a venue selection clause under certain circumstances, the citation is included in his third argument, not his first. Further, he does not develop any argument that venue in Northumberland County would effectively deprive him of an opportunity to present his case. Most likely, this is because he has

chosen to file related complaints against Hartzell and Lamont regarding the Eye Center in Northumberland County. Fassero's first issue on appeal merits no relief.

In his second issue on appeal, Fassero argues the trial court erred by issuing its ruling without first holding a hearing. Fassero observes that he disputed several factual averments in PVI's preliminary objections to Fassero's complaint. He cites to Pa.R.Civ.P. 1006 and 1028(c)(2) to support his contention that the trial court was required to hold a hearing on these factual disputes before transferring the case to Northumberland County.

As noted previously, however, the trial court did not rule on any of PVI's preliminary objections. The trial court only ruled on Hartzell, Lamont, and Rine's objection based upon the forum selection clauses. The court reserved the other objections, including PVI's, for the Northumberland County court to address. As we explained in our analysis of Fassero's first issue, and will expand upon in addressing Fassero's third and fourth issues, we conclude the Union County court properly transferred venue to Northumberland County pursuant to the venue selection clauses in the Eye Center, BHH III and HFL partnership agreements. This was a question of law based solely upon the written partnership agreements, and no hearing was necessary for this conclusion. Once it had reached this determination, the court properly reserved any further decision making for the Northumberland County court. Consequently, Fassero's second issue on appeal merits no relief.

In his third issue, Fassero argues the forum selection clause cannot be enforced because other than Hartzell, the Appellees are not signatories to the Eye Center partnership agreement.

Fassero's argument is too narrow. While he is correct that the venue selection clauses do not bind the defendants who are not signatories to those agreements, he fails to acknowledge the general rules governing venue. Under the Rules of Civil Procedure, if venue is established against a defendant for one count of a complaint, venue is established for all counts of the complaint asserted against that defendant. **See** Pa.R.Civ.P. 1006(f)(1). Similarly, if venue is established against one defendant, it is appropriate against all defendants the plaintiff seeks to hold jointly liable with that defendant. **See** Pa.R.Civ.P. 1006(c)(1). Here, the venue selection clauses of the Eye Center, BHH III, and HFL partnership agreements established that Northumberland County was the appropriate venue for claims arising out of these agreements against Hartzell.

In Count II – Breach of Fiduciary Duty, Fassero alleged that Hartzell breached his fiduciary duty to Fassero arising from, among other sources, the Eye Center, BHH III, and HFL partnership agreements. **See** Amended Complaint, 12/9/2019, at ¶¶ 128-132. Therefore, venue in Northumberland County was established against Hartzell for purposes of Count II. Under Pa.R.Civ.P. 1006(f)(1), venue in Northumberland County was therefore established against Hartzell for all claims in the complaint against Hartzell.

In Count VII – Civil Conspiracy, Fassero alleged that "[a]ll [d]efendants" engaged in a civil conspiracy to "effectuate the breaches of fiduciary duty … and other tortious conduct set forth above[.]" **See id**., at pp. 45-6. Fassero sought "judgment … against all [d]efendants, jointly, severally, or jointly and severally[,]" under Count VII. **See id**., at p. 51. As noted above, venue in Northumberland County was established against Hartzell pursuant to Count I. Therefore, under Pa.R.Civ.P. 1006(c)(1), venue was established in Northumberland County for all defendants. Fassero's third argument on appeal merits no relief.

Finally, Fassero argues that the trial court violated the law of the case doctrine and the doctrine of *res judicata* when it transferred the case to Northumberland County. Fassero premises this argument on the fact that a Northumberland County Judge denied Hartzell's motion to coordinate this case with the case filed by Fassero in Northumberland County.

Initially, we note that while Fassero obliquely references *res judicata* in his statement of the issue, he does not cite to any authority or otherwise develop the issue in his brief. His argument focuses entirely on the issue of the coordinate jurisdiction rule. While both *res judicata* and the coordinate jurisdiction are commonly classified as a part of the law of the case doctrine, they are not the same.

The doctrine of *res judicata* is an independent and distinct legal issue from the law of the case doctrine. "The doctrine of res judicata holds that a

- 10 -

final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action." ***Khalil v. Cole***, 240 A.3d 996, 1000 (Pa. Super. 2020) (citation omitted). In contrast, the coordinate jurisdiction rule prevents judges from making rulings contrary to those previously made by a judge of coordinate jurisdiction. ***See Rellick-Smith v. Rellick***, 261 A.3d 506, 510 (Pa. 2021). As *res judicata* applies only in situations where there has been a valid final judgment, Fassero has waived any claim that the order at issue here violated the doctrine of *res judicata*.

We now turn to Fassero's claim that the trial court violated the coordinate jurisdiction rule. The coordinate jurisdiction rule provides that, "upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee court may not alter the resolution of a legal question previously decided by the transferor court." ***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995) (citation omitted). The coordinate jurisdiction rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." ***Id***. (citation omitted).

The trial court here sustained a preliminary objection and transferred venue. In contrast, the court in Northumberland County had previously denied a motion for coordination under Pa.R.Civ.P. 213.1(c). Rule 213.1(c) requires a trial court to consider multiple factors when determining whether to coordinate cases from separate counties. ***See Wohlsen/Crow v. Pettinato***

***Associated Contractors & Eng'rs, Inc.***, 666 A.2d 701, 703 (Pa. Super. 1995). However, the existence of a venue selection clause is not one of the factors listed, or fairly suggested by the list, in Rule 213.1(c). As such, the Northumberland County court did not rule on the applicability of the venue selection clause, and the Union County court did not violate the coordinate jurisdiction rule.

In summary, we conclude that none of Fassero's arguments on appeal merit relief. We therefore affirm the order transferring this case to Northumberland County.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2022