J-A23018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL FASSERO, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUMMITEC MEDICAL, LLC, SCOTT M. | : | No. 1567 MDA 2020 |
| HARTZELL, M.D., ROBERT LAMONT, | : | |
| SCOTT W. PETERSON, SHELLEY N. | : | |
| RINE | : | |

Appeal from the Order Entered November 2, 2020
In the Court of Common Pleas of Snyder County
Civil Division at No(s): CV-574-2019

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: JUNE 21, 2022**

Daniel Fassero, M.D., appeals from the order transferring venue to Northumberland County based on a forum selection clause after sustaining the preliminary objection filed by SummiTec Medical, LLC, Scott Hartzell, M.D., Robert Lamont, Scott Peterson and Shelley Rine. On appeal, Fassero raises several distinct arguments that the trial court was precluded from transferring this case. After careful review, we affirm.

As noted above, this appeal arises from a ruling on preliminary objections. As such, the following factual background is a summary of the facts alleged by Fassero in his complaint. Fassero became a partner in the Eye

_____

[*] Former Justice specially assigned to the Superior Court.

Center of Central Pennsylvania ("Eye Center") with Hartzell in 2007. Lamont, Peterson and Rine work for Eye Center.

In 2010, Eye Center became a trailblazer in transferring from paper medical records to electronic medical records, a change that the federal government mandated to take place by 2014. Effectively transferring to electronic records provided a monetary benefit to practices. The Eye Center's adoption of this new technology led to Fassero, Hartzell, Lamont and Peterson creating a consulting business called I-Technologies to help other practices convert their records. I-Technologies operated successfully from 2011 to 2016.

In 2013, Fassero learned through his wife that Lamont had a criminal history and asked Hartzell to terminate Lamont's employment. Hartzell refused, and the relationship between Fassero, Hartzell and Lamont deteriorated over the next few years. Later that year, Hartzell, Lamont and Peterson formed SummiTec Medical, LLC ("SummiTec"), which provided the same consulting services as I-Technologies.

Fassero alleged that Hartzell, Lamont and Peterson, with the help of Rine, used I-Technologies profits to fund SummiTec and took other actions to divert Eye Center and I-Technologies assets into businesses unassociated with Fassero. Eventually, Hartzell announced an intent to leave the Eye Center partnership. Fassero alleges that Lamont, Peterson and Rine helped Hartzell disclose confidential information from Eye Center and dissolve I-Technologies.

While Hartzell never did leave Eye Center, I-Technologies was effectively dissolved and SummiTec began using Eye Center employees in its operations.

On March 19, 2018, Fassero filed a complaint in Northumberland County seeking to dissolve Eye Center and other damages at docket number 2018-489. Fassero filed a complaint in Union County on October 21, 2019, seeking damages for various violations of the Eye Center partnership agreement at docket number 190760. Fassero filed this action in Snyder County on November 12, 2019, at docket number 0574-2019. In his Snyder County complaint at docket number 0574-2019, Fassero asserted:

(1) a claim against SummiTec, Hartzell, Lamont and Peterson for breach of fiduciary duty owed to Fassero as a partner in I-Technologies;
(2) a claim against SummiTec, Hartzell, Lamont and Peterson for misappropriation of I-Technologies trade secrets;
(3) a claim against SummiTec, Hartzell, Lamont and Peterson for conversion of business information;
(4) a claim against SummiTec, Hartzell, Lamont, Peterson and Rine for tortious interference with Fassero's economic relations with I-Technologies clients/customers;
(5) a claim against SummiTec, Hartzell, Lamont and Peterson for civil conspiracy to commit the previously listed torts;
(6) a claim in the alternative against SummiTec, Hartzell, Lamont, Peterson and Rine for unjust enrichment.

In response, the defendants filed preliminary objections to the Snyder County complaint. After considering the preliminary objections, the Snyder County trial court held that the venue selection clauses in the Eye Center partnership agreement and the I-Technologies operating agreement governed venue for this action. As a result, the court ruled on only the preliminary

objection to venue raised by SummiTec, Hartzell, Lamont, Peterson and Rine.

Fassero filed this timely appeal.[1]

On appeal, Fassero makes the following arguments:

1. The trial court committed an error of law by failing to properly review and apply Pa.R.Civ.P. 1006 and Pa.R.Civ.P. 2179 as to the named defendants and averments in the complaint before summarily transferring the case to Northumberland County.

2. The trial court committed an error of law and abuse of discretion by failing to properly resolve disputed facts concerning proper venue under Pa.R.Civ.P. 1006 and Pa.R.Civ.P. 2179 by taking evidence through interrogatories, depositions, or an evidentiary hearing as is required by Pa.R.Civ.P. 1028(c)(2).

3. The trial court committed an error of law and abused its discretion by concluding the forum selection clauses set forth in the Eye Center agreement and the I-Technologies operating agreement dictated venue despite the fact that none of the claims raised in Appellant's complaint involve a breach of the provisions of either agreement, and further neither the Eye Center or I-Technologies are parties to this action.

4. The trial court committed an error of law and abused its discretion by transferring Appellant's complaint to Northumberland County when the President Judge of Northumberland County had already issued an order denying Appellee Hartzell's motion to coordinate this case with two cases currently pending in Northumberland County, based on the same arguments used to support their preliminary objection to venue.

Appellant's Brief at 13, 15, 17, 23 (unnecessary capitalization omitted).

Where, as here, we review an order transferring venue due to a venue

selection clause in a contract, our standard of review is *de novo*. **See**

---

[1] We note that we have jurisdiction over this interlocutory appeal pursuant to Pa.R.A.P. 311(c).

*Autochoice Unlimited, Inc. v. Avangard Auto Finance, Inc.*, 9 A.3d 1207, 1211 (Pa. Super. 2010). We must ascertain and enforce the intent of the parties at the time of the contract as reasonably demonstrated by the language used in their written agreement. *See Liddle v. Scholze*, 768 A.2d 1183, 1185 (Pa. Super. 2001). Where the language of the contract is clear and unambiguous, we confine our analysis to the terms as written in the contract. *See Beemus v. Interstate Nat. Dealer Servs., Inc.*, 823 A.2d 979, 982 (Pa. Super. 2003).

We begin by noting that each count of Fassero's complaint references duties and obligations arising out of the Eye Center partnership agreement or the I-Technologies operating agreement. *See*, *e.g.*, Complaint, 11/12/2019, at ¶ 110 ("The actions taken by Defendants … were … with the express intent to trick and/or deceive Plaintiff into thinking there was a legitimate reason for the dissolution of I-Technologies"). Both of these agreements address forum selection. The Eye Center partnership agreement states that "[a]ny controversy or claim arising out of or relating to this Agreement shall be litigated in the Court of Common Pleas of Northumberland County, Pennsylvania[.]" Preliminary Objections to Plaintiff's Complaint, 12/4/2019, at Exhibit A, ¶ 16. The I-Technologies operating agreement similarly requires litigation in Northumberland County. *See id*. at Exhibit B, ¶ 16 ("Jurisdiction for purposes of resolving a dispute shall be in Northumberland County, Pennsylvania …").

Fassero does not contend that the forum selection clauses are invalid. Instead, he raises several collateral objections to their enforcement. In his first issue, Fassero argues the trial court erred in applying the forum selection clauses and overriding his chosen venue.

A venue selection clause in an arms-length agreement is presumptively valid and will be deemed unenforceable only when: (1) the agreement was obtained through fraud or overreaching; (2) the selected forum is so unfair that the objecting party will be practically deprived of the opportunity to present its case; or (3) the clause violates public policy. ***See Autochoice Unlimited, Inc. v. Avangard Auto Finance, Inc.***, 9 A.3d 1207, 1215 (Pa. Super. 2010). If Fassero's claims are based on duties created by contract, and not general societal duties, the causes of action are classified as contractual, and not torts. ***See id***., at 1212.

Here, Fassero does not argue the partnership agreements, and their respective forum selection clauses, were obtained through fraud or overreaching. Nor does he contend the clauses violate public policy. And while he cites to ***Morgan Trailer Manufacturing Co. v. Hydraroll, Ltd.***, 759 A.2d 926, 930 (Pa. Super. 2013) for the proposition that a court may decline to enforce a venue selection clause under certain circumstances, the citation is included in his third argument, not his first. Further, he does not develop any argument that venue in Northumberland County would effectively deprive him of an opportunity to present his case. Most likely, this is because he has

chosen to file related complaints against Hartzell and Lamont regarding the Eye Center in Northumberland County. *See* Appellant's Brief, at 9 n.11.

Instead, Fassero argues that the order transferring venue violates the venue provisions of the Rules of Civil Procedure. However, Fassero fails to acknowledge that where parties have freely agreed to a venue selection clause, "a court in which venue is proper and which has jurisdiction should decline to proceed with the cause[.]" *See Autochoice Unlimited, Inc.*, 9 A.3d at 1215 (citation omitted). Fassero's first issue on appeal merits no relief.

In his second issue on appeal, Fassero argues that the trial court erred by issuing its ruling without first holding a hearing or taking evidence through interrogatories or depositions. Fassero argues that a factual dispute exists about whether his claims arise from his position as a partner in Eye Center or I-Technologies. He cites to Pa.R.Civ.P. 1028(c)(2) to support his contention that the trial court was required to hold a hearing on these factual disputes before transferring the case to Northumberland County.

Nevertheless, the question of whether Fassero's claims arise from the partnership agreements is a question of law, not fact. *See Autochoice Unlimited, Inc.*, 9 A.3d at 1211 (noting that issues about the enforceability of a contract provision are questions of law). There is no dispute as to whether Fassero was a party to both the Eye Center partnership agreement and the I-Technologies operating agreement. And, as we have already concluded, the

venue selection clause is enforceable as a matter of law. Consequently, Fassero's second issue on appeal merits no relief.

In his third issue, Fassero argues the forum selection clauses cannot be enforced because his claims do not arise from the agreements and neither Eye Center nor I-Technologies themselves are parties to this action. We have already concluded that Fassero's claims arise from contractual duties and not general societal duties.

Fassero also ignores the fact that while Eye Center and I-Technologies are not named defendants in his action all the members of both companies are parties to it. Further, while Fassero strays from explicitly mentioning the agreements governing these companies and failed to attach the agreements to his complaint, every claim he makes is based on duties of the parties as partners arising from the agreements.

Fassero goes on to claim that the agreements would certainly not apply to those defendants who are not signatories to the agreements. He argues that venue selection clauses can only be enforced by parties to the agreement, citing **Morgan Trailer Mtg. Co. v. Hydraroll, Ltd.**, 759 A.2d 926, 932 (Pa. Super. 2000). Fassero asserts, that not all members of the Eye Center signed the I-Technologies partnership agreement. **See** Appellant's Brief, at 18. Even if true, Fassero's argument does not merit relief, as the venue selection clause in the Eye Center agreement also provides for venue in Northumberland County. Further, under the Rules of Civil Procedure, if venue is established

against a defendant for one count of a complaint, venue is established for all counts of the complaint asserted against that defendant. *See* Pa.R.Civ.P. 1006(f)(1). Similarly, if venue is established against one defendant, it is appropriate against all defendants the plaintiff seeks to hold jointly liable with that defendant. *See* Pa.R.Civ.P. 1006(c)(1). Here, the forum selection clauses in the Eye Center and I-Technologies agreements established that Northumberland County was the appropriate venue for claims arising out of these agreements against the signatories to them, respectively Hartzell and Hartzell, Lamont and Peterson.

While failing to explicitly mention the I-Technologies operating agreement, Counts I – III all list claims against SummiTec, Hartzell, Lamont and Peterson for breaches of duty owed to Fassero as a member of I-Technologies. *See* Complaint, 11/12/2019, at ¶ 89-139. These breaches implicate the operating agreement which established the company and the members. Under Pa.R.Civ.P. 1006(f)(1), venue in Northumberland county was therefore established against Hartzell, Lamont and Peterson for all claims in the complaint against them.

In Count IV, Fassero claimed that all defendants interfered with his "economic relations with I-Technologies' customers/clients." *Id*. at ¶ 142. He sought "judgment … against [all d]efendants … jointly and severally[.]" *Id*. at p. 28. Therefore, under Pa.R.Civ.P. 1006(c)(1), venue was established in

Northumberland County for all defendants. Fassero's third argument on appeal merits no relief.

Finally, Fassero argues that the trial court violated the coordinate jurisdiction rule and the doctrine of *res judicata*. Fassero premises this argument on the fact that a Northumberland County Judge denied Hartzell's motion to coordinate this case with the case filed by Fassero in Northumberland County.

Initially, we note that while Fassero obliquely references *res judicata* in his argument, he does not cite to any authority or otherwise develop the issue in his brief. His argument is almost entirely a recitation of the procedural history of the motion and then cites to the purpose of the law of the case doctrine and the coordinate jurisdiction rule.

The doctrine of *res judicata* is an independent and distinct legal issue from the law of the case doctrine. "The doctrine of res judicata holds that a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action." **Khalil v. Cole**, 240 A.3d 996, 1000 (Pa. Super. 2020) (citation omitted). In contrast, the coordinate jurisdiction rule prevents judges from making rulings contrary to those previously made by a judge of coordinate jurisdiction. **See Rellick-Smith v. Rellick**, 261 A.3d 506, 510 (Pa. 2021). As *res judicata* applies only in situations where there has been a valid final

judgment, Fassero has waived any claim that the order at issue here violated the doctrine of *res judicata*.

We now turn to Fassero's claim that the trial court violated the coordinate jurisdiction rule. The coordinate jurisdiction rule provides that, "upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee court may not alter the resolution of a legal question previously decided by the transferor court." **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995) (citation omitted). The coordinate jurisdiction rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." **Id**. (citation omitted).

The trial court here sustained a preliminary objection and transferred venue. In contrast, the court in Northumberland County had previously denied a motion for coordination under Pa.R.Civ.P. 213.1(c). Rule 213.1(c) requires a trial court to consider multiple factors when determining whether to coordinate cases from separate counties. **See Wohlsen/Crow v. Pettinato Associated Contractors & Eng'rs, Inc.**, 666 A.2d 701, 703 (Pa. Super. 1995). However, the existence of a venue selection clause is not one of the factors listed, or fairly suggested by the list, in Rule 213.1(c). As such, the Northumberland County court did not rule on the applicability of the venue

selection clause, and the Snyder County court did not violate the coordinate jurisdiction rule.[2]

In summary, we conclude that none of Fassero's arguments on appeal merit relief. We therefore affirm the order transferring this case to Northumberland County.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/21/2022

---

[2] We note, for the sake of completeness, that the Supreme Court of Pennsylvania recently granted allowance of appeal to review the application of Pa.R.Civ.P. 213.1 to cases with diverse parties. **See HTR Restaurants, Inc. d/b/a Siebs Pub v. Erie Ins. Exch.**, 317 WAL 2021 (Pa. filed May 25, 2022); **see also Joseph Tambellini, Inc. d/b/a Joseph Tambellini Restaurant v. Erie Ins. Exch.**, 334 WAL 2021 (Pa. filed May 25, 2022).